Defendant-Appellant, Daniel J. Marker Sr. ("Appellant"), appeals the decision of the Seneca County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
On April 25, 1985, Appellant was found guilty of two counts of attempted rape. While serving his term in prison, the Ohio Department of Rehabilitation and Corrections recommended that Appellant be classified as a sexual predator pursuant to R.C.2950.09.
A sexual predator hearing was held on February 16, 1999, in the Seneca County Court of Common Pleas. Based upon the information gathered at the hearing, the trial court entered judgment on February 19, 1999. The trial court found Appellant was a sexual predator and thus ordered him to comply with the reporting requirements set forth in R.C. 2950.03.
Appellant now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR NO. I The Defendant was improperly denied his constitutional rights to confrontation of witnesses and evidence, under Art. 1 Sec. 10 of the Ohio Constitution, and the Sixth Amendment to the United States Constitution, by the introduction of improper hearsay not subject to any exception, which evidence if properly excluded would have left the state with insufficiently presented evidence to sustain their burden of proof. [sic]
Appellant asserts in his first assignment of error that the trial court erred during the classification hearing by admitting into evidence certain testimony of the prosecution's only witness. Appellant claims that, but for the erroneous admission, the result of the hearing would have been different.
In the case at bar, the only evidence presented by the State of Ohio was the testimony of Mr. Jerome Kiser, of the Seneca County Prosecutor's Office. Kiser investigated and prosecuted Appellant for the crimes for which he is now incarcerated. At the hearing, Kiser testified in detail about one of the attempted rapes committed by Appellant. Kiser also testified regarding the victim's emotional and physical well-being before and after the alleged attack, as well as several of Appellant's past convictions for non-sexually related offenses. Appellant now alleges that the trial court erred in admitting this testimony into evidence. For the following reasons, we do not agree.
The Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, held that a sexual predator determination hearing is similar to a sentencing or a probation hearing in that it is well-settled that the Ohio Rules of Evidence do not strictly apply. Id. at 425. The Court further noted that a sexual predator determination is intended to determine the offender's status, not to determine the guilt or innocence of the offender.Id. Thus, the Court concluded that reliable hearsay may be relied upon by the trial judge in deciding whether to classify an offender as a sexual predator. Id.
In the case before us, we find that Kiser's testimony was sufficiently reliable and trustworthy and, thus, on the authority of Cook, supra, we find no error in the trial court's decision to allow the testimony into evidence. We do note, however, that the better practice would have been for the State to have relied upon some evidence other than the testimony of the former prosecuting attorney. For instance, a pre-sentence investigation report is intrinsically unbiased, reliable, and trustworthy, and is an excellent alternative to having the former prosecuting attorney testify at the hearing. Nonetheless, we find no substantial error in the trial court's decision to allow Kiser's testimony into evidence.
Accordingly, Appellant's first assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in overruling the Appellants motion for dismissal of the sexual predator status hearing on the ground that it violated collateral estoppel. [sic]
Appellant asserts in his second assignment of error that the trial court erred in failing to dismiss the sexual predator hearing. Specifically, Appellant maintains that the hearing should have been dismissed on the grounds that any further inquiry into whether he was likely to commit a future offense violated the doctrine of collateral estoppel.
We first note that the determination of whether res judicata
applies is a question of law which this Court decides de novo, without any deference to the trial court. State v. Losey (June 3, 1998), Athens App. No. 97CA43, unreported. The legal doctrine ofres judicata is to assure an end to litigation, and to prevent a party from being vexed twice for the same cause. LaBarbera v.Batsch (1967), 10 Ohio St.2d 106; Deaton v. Burney (1995),107 Ohio App.3d 407.
Res judicata consists of the following two related concepts: (1) claim preclusion (estoppel by judgment) and, (2) issue preclusion (collateral estoppel). New Winchester Gardens, Ltd. v.Franklin Cty. Bd. of Revision (1997), 80 Ohio St.3d 36, 41. Claim preclusion bars relitigation of the same cause of action between the same parties or their privies. Issue preclusion bars relitigation of issues "actually litigated" and "directly determined" in a previous action between the same parties or those in privity with the original parties. New Winchester Gardens,80 Ohio St.3d at 41.
In the case before us, Appellant bases his collateral estoppel argument on the following provision as set forth in R.C.2929.12, as it existed prior to July 1, 1996:
 (A) In determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risk that the offender will commit another crime and the need for protecting the public from the risk, the nature and circumstances of the offense; the victim impact statement prepared pursuant to section 2947.051 [2947.05.1] of the Revised Code, if a victim impact statement is required by that section; any statement by the victim pursuant to Section 2930.14 of the Revised Code; and the history, character, and condition of the offender and his need for correctional or rehabilitative treatment.
(Emphasis added.) Thus, pursuant to former R.C. 2929.12(A), prior to imposing a sentence upon an offender, a trial court was required to consider the likelihood that that offender would commit another crime in the future, as well as the need for protecting the public from that risk.
R.C. 2950.09(C)(2) states that after reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
Pursuant to the foregoing provision, in determining whether an offender should be adjudicated a sexual predator, a trial court is required to determine whether an offender is likely to engage in the future in one or more sexually oriented offenses.
In the case now before us, Appellant asserts that the application of former R.C. 2929.12(A) to his original sentencing hearing barred any further inquiry by the State into whether he was likely to engage in the future in one or more sexually oriented offenses. We do not agree.
As we previously stated, the doctrine of collateral estoppel solely precludes the litigation of issues that have been actuallylitigated in the past. Appellant was brought before the trial court on February 16, 1999, in order to determine, for the first time, whether to classify him as a sexual predator pursuant to R.C. 2950. Thus, given that the issue had never before been actually litigated, the doctrine of collateral estoppel has no application or relevance to the case at bar. Further, pursuant to former R.C. 2929.12(A), the likelihood of whether an offender will commit another crime in the future is merely a factor to be taken into consideration by a trial court prior to imposing a sentence upon an offender.
Accordingly, we find that Appellant's second assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred in overruling the Appellants motion for dismissal of the sexual predator status hearing on the ground that it violated Article I Section 1 of the Ohio Constitution as an invalid use of the state's police power, that it is violative of unduly burdensome, oppressive, and interferes with the private rights if the citizens beyond what is necessary. [sic]
In his third assignment of error, Appellant contends that R.C. Chapter 2950 violates Article I, Sections 1 and 16 of the Ohio Constitution. In particular, Appellant contends that the statute is an invalid use of the state's police power in that it is oppressive upon individuals and is an unreasonable and arbitrary infringement upon an individual's privacy rights.
In the case before us, Appellant relies upon the decision of the Eleventh District Court of Appeals in State v. Williams (Feb. 2, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, as authority for the proposition that R.C. 2950 is unconstitutional on the grounds that it violates Article I, Section 1 of the Ohio Constitution. However, we respectfully disagree with the Eleventh Appellate District's opinion in Williams. We feel that R.C. 2950 constitutes a valid use of the state's police power and is not an unreasonable or arbitrary infringement upon privacy rights, nor is it unduly oppressive upon individuals. For these reasons, we find that Ohio's version of Megan's Law does not violate Article I, Sections 1 and 16 of the Ohio Constitution. See, also, State v.Dickens (Aug. 2, 1999), Clermont App. No. CA98-09-075, unreported;State v. Woodburn (Mar. 23, 1999), Columbiana App. No. 98-CO-6, unreported.
Accordingly, Appellant's third assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court erred in finding the Defendant a sexual predator under O.R.C. 2950.09 because the state failed to present any scientific or statistic evidence to support its assertion that the Appellant was any more likely to commit future offenses, that [sic] any other member of society.
Appellant asserts in his fourth assignment of error that the trial court erred in finding that he is likely to engage in the future in one or more sexually oriented offenses. Specifically, Appellant maintains that the State's failure to present any scientific or statistical evidence to support the conclusion that Appellant is likely to engage in the future in one or more sexually oriented offenses constitutes reversible error. For the following reasons, we do not agree.
In his brief, Appellant cites no authority for the proposition that the State must set forth scientific or statistical evidence to support a determination that a sexual offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.09(C)(2) merely states that after reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, we need only determine whether there was sufficient evidence, as a matter of law, for the trial court to have found by clear and convincing evidence that Appellant is likely to engage in the future in or more sexually oriented offenses.
The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
In the case before us, it is undisputed that Appellant was indicted and charged with two separate counts of rape. The victim in both instances was the same nineteen year-old partially handicapped female. The incidents allegedly took place on August 23, 1984, and October 27, 1984. Appellant was eventually tried before a jury, and was found guilty of two counts of attempted rape. The offenses of attempted rape qualify as "sexually oriented offenses" under R.C. 2950.01(D).
In the face of the foregoing evidence, the only meritorious evidence Appellant presented to rebut the obvious inferences of the foregoing were the statements by Mr. James DeFeo, supervising psychologist at the Madison Correctional Institution in London, Ohio, that Appellant was placed in a "low risk" category for future offenses, and that during Appellant's incarceration he participated in an educational program called the Monticello Program.
Based upon our review of the record, we find that the trial court had sufficient evidence before it from which to determine by clear and convincing evidence that Appellant is likely to engage in the future in one or more sexually oriented offenses. Consequently, we cannot find that the evidence was insufficient as a matter of law to support the trial court's determination that Appellant is a sexual predator.
Accordingly, Appellant's fourth assignment of error is not well-taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.