DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, J. Christopher Anderson, an Assistant Lucas County Prosecutor, in this malicious prosecution action. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant, Robert A. Woodley, sets forth the following three assignments of error:
"ASSIGNMENTS OF ERROR
 "ASSIGNMENT OF ERROR #1:
 "THE TRIAL COURT ERRED IN REFUSING TO STRIKE THE AFFIDAVITS OF APPELLEE.
 "ASSIGNMENT OF ERROR #2
 "THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT AGAINST APPELLANT, AND IN FAVOR OF APPELLEE, ON THE GROUNDS OF RES JUDICATA AND/OR COLLATERAL ESTOPPEL.
 "ASSIGNMENT OF ERROR #3
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT; AND IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, ON THE ISSUES OF MALICIOUS PROSECUTION (SIC) PROBABLE CAUSE, AND PROSECUTORIAL IMMUNITY."
The following facts are relevant to this appeal. On January 22, 1996, appellant filed a complaint against appellee and others not parties in this appeal. In his complaint, appellant set forth allegations of defamation against all defendants, malicious prosecution against appellee and the former Lucas County Prosecutor and conspiracy to maliciously prosecute against all defendants. On June 23, 1997, appellant dismissed all claims that had been asserted against the former Lucas County Prosecutor. On August 6, 1997, appellant dismissed all claims asserted against appellee except for the malicious prosecution claim. On November 14, 1997, the trial court granted summary judgment to appellee on the malicious prosecution claim on the grounds of res judicata and prosecutorial immunity and also denied appellant's motion for summary judgment and motion to strike appellee's affidavit. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that the trial court erred in refusing to strike appellee's affidavit. This court finds no merit in this assignment of error.
A trial court has broad discretion in the admission or exclusion of evidence. State v. Maurer (1984), 15 Ohio St.3d 239,265; Zammit v. Soc. Natl. Bank (1996), 115 Ohio App.3d 543, 561. Because a trial court has broad discretion in regard to admission of evidence, an order or ruling on the admissibility of evidence will not be reversed unless there has been a clear abuse of discretion. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. (Citations omitted).
After thoroughly reviewing the entire record in this case, this court finds without merit appellant's argument that the trial court erred in denying the motion to strike. We find no abuse of discretion in the trial court's ruling.
Accordingly, appellant's first assignment of error is found not well-taken.
Both appellant's second and third assignments of error assert that the trial court erred in granting summary judgment to appellee. In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
In his second assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment on the grounds of res judicata and/or collateral estoppel. This court finds no merit in this assignment of error. The following are additional facts regarding two prior lawsuits filed by appellant against appellee. Appellant was indicted by the Lucas County Grand Jury in February 1995 for the offenses of obstruction of justice, engaging in a pattern of corrupt activities and criminal falsification. In December 1994, appellant filed a complaint against appellee and others in federal district court ("Woodley I"). In Woodley I, appellant set forth the following causes of action against appellee: (1) a claim for damages under 42 U.S.C. § 1983; (2) defamation; (3) conspiracy; and (4) intentional infliction of emotional distress. On December 11, 1995, the federal district court granted summary judgment to appellee on the federal claims and dismissed the state law claims without prejudice.
On November 16, 1995, two of the state court criminal charges against appellant were dismissed: corrupt activities and criminal falsification. Also on November 16, 1995, appellant filed a complaint in federal district court ("Woodley II") based upon the criminal charges filed against him. In Woodley II, appellant set forth the following causes of action against appellee: (1) a claim for damages under 42 U.S.C. § 1983 based upon an alleged unlawful entry into and search of appellant's residence; (2) intentional infliction of emotional distress; (3) a claim for damages under 42 U.S.C. § 1983 conspiracy based on an alleged conspiracy to implicate appellant in criminal activity; and (4) defamation, intentional infliction of emotional distress and intentional interference with a business relationship; and (5) defamation in his profession. On January 22, 1996, appellant filed the complaint against appellee in the case sub judice
("Woodley III"). On August 23, 1996, the federal district court granted summary judgment to appellee on the federal claims and on the state law claims asserted in Woodley II.
In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus, the Ohio Supreme Court held:
 "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Citations omitted.)
The Court noted that "res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Id. at 381. Where a final judgment exists, this doctrine prevents parties or their privies from re-litigating facts, issues, or legal theories in a subsequent suit that were or might have been litigated in a prior suit. Id. at 382-383. Res judicata applies even when one case is filed in federal court and the other in state court. Deaton v. Burney (1995), 107 Ohio App.3d 407.
The malicious prosecution claim asserted by appellant in the complaint in the case sub judice is based upon the same criminal prosecution that served as the basis for a claim asserted in one of the counts of the Woodley II complaint. Therefore, the malicious prosecution claim in the complaint in the case subjudice existed at the same time that the complaint in Woodley II was filed and the malicious prosecution claim could have been brought in the Woodley II complaint. Thus, appellant's malicious prosecution claim is barred by res judicata.
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment on the grounds of prosecutorial immunity. This court finds no merit in this assignment of error.
R.C. 2744.03(A)(7) provides for absolute prosecutorial immunity. As this court stated in Carlton v. Davisson (1995),104 Ohio App.3d 636, 650:
 "Prosecutors are entitled to absolute immunity when their activities are intimately associated with the judicial phase of the criminal process. (Citations omitted.) Absolute immunity is extended to the prosecutor's functions in initiating a prosecution and presenting the state's case; however, it is not applicable to a prosecutor engaged in investigative or administrative functions. (Citations omitted.)"
See, also, Willitzer v. McCloud (1983), 6 Ohio St.3d 447, 449.
Upon a thorough review of the record and the above applicable law, this court finds that the trial court did not err when it granted summary judgment to appellee based upon prosecutorial immunity.
Accordingly, appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ PETER M. HANDWORK, J. JUDGE
JAMES R. SHERCK, J., RICHARD W. KNEPPER, P.J., CONCUR.