OPINION
In this accelerated calendar case, appellant, Sandra J. Doolittle ("Doolittle"), appeals from the judgment of the Trumbull County Court of Common Pleas entered on June 17, 1999, granting summary judgment to appellees, Zapis Communications Corporation ("Zapis Corporation"), Xenophon Zapis, Michael Hilber ("Hilber"), Eileen Craig, and Doreen French. Doolittle's complaint stated three causes of action. Doolittle only appeals from the grant of summary judgment with respect to her first cause of action, which names Zapis Corporation, its president, Xenophon Zapis, and its sales manager, Hilber, as defendants. The cause of action stated a claim for the intentional infliction of emotional distress. Appellees' motion for summary judgment argued Doolittle's suit was barred by the doctrine of res judicata. The following facts are relevant to a determination of this appeal.
Doolittle was the station manager of WMGZ Z-96 radio station. Zapis Corporation purchased the station in August of 1994, and Doolittle's employment continued in the same capacity. The relationship did not work out. On July 1, 1995, Doolittle was terminated. On August 28, 1995, Doolittle filed suit against Zapis Corporation, Xenophon Zapis, and WRKU 96 K-ROCK for breach of contract. In her suit, she alleged that she performed all her duties under the contract and was terminated without cause. Under their contract, in the event she was terminated without cause, she was entitled to compensation. She was not paid the compensation, and sued to obtain it. She also sought a permanent injunction to prevent appellees from enforcing a non-compete clause contained in the contract.
The trial court submitted the case to compulsory arbitration. The arbitration hearing was conducted on December 6, 1996, and the arbitrator filed a report awarding Doolittle $13,267.33 on December 16, 1996. After the statutory thirty-day period within which to file an appeal lapsed, on January 23, 1997, the court of common pleas adopted the arbitrator's award and entered judgment for Doolittle. Neither party appealed.
Doolittle filed the current complaint on June 9, 1997. In her first cause of action she named Zapis Corporation, Xenophon Zapis and Hilber as defendants. Hilber, the sales manager for Zapis Corporation, was not a party to the first lawsuit. The events that occurred forming a basis for her new complaint all occurred prior to her being terminated on July 1, 1995. The new cause of action alleged is intentional infliction of emotional distress. All of the acts alleged involved Hilber. In the complaint, Doolittle stated that at all times mentioned, Hilber was acting within the scope of his employment and with the consent of Zapis Corporation. While the cause of action purports to state a claim for the intentional infliction of emotional distress, it does not allege a single act or incident involving Xenophon Zapis.
The claim states that Hilber constantly harassed Doolittle and the personnel she supervised creating severe morale problems at the station. It states that on one occasion during a personnel meeting, Hilber pounded his fist on the table and called the group "pukes" and "failures." It states Hilber berated Doolittle in front of her subordinates, charging that she was a manager "whose most important thing is to eat donuts." It claims Hilber contributed to an atmosphere of fear and intimidation which caused "one young subordinate" of Doolittle's to continually shake. It states that the subordinate referred to subsequently died of a heart attack at work in the arms of Doolittle. Finally, it alleges that Hilber had a personal grudge against Doolittle and "set out on a personal vendetta to get plaintiff fired."
The complaint claimed the following damages: lost income in the form of wages, past, present and future; impairment of her ability to obtain a similar job; extreme embarrassment and humiliation, which she will continue to suffer in the future; and severe emotional trauma, shock, anxiety, and outrage. Doolittle sought actual and punitive damages.
On March 24, 1998, appellees filed a motion for summary judgment. The basis of their motion was that Doolittle's complaint was barred by the doctrine of res judicata. Appellees pointed out that Doolittle testified at her deposition that she was aware of all the factual predicates of her current suit at the time she was terminated. Everything that occurred, occurred prior to her termination. Appellees argued the current case arises out of the same facts and circumstances that were the subject matter of the prior suit. Also, appellees argued that the cases involve the same parties, because, although Hilber was not named in the first suit, he was an employee of Zapis Corporation and thus represented the same interest.
Appellees, citing Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, argued that Doolittle was barred by res judicata "from asserting an alternate ground for relief because the claim could have been litigated in the prior action." Appellees argued "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69. Appellees argued the present action arises out of the same transactions and occurrences that were the subject matter of the prior suit, and because a valid final judgment had been rendered in that case, the present claim should be barred.
With her response, Doolittle submitted an affidavit to the court which stated that during the arbitration hearing she "tried to bring in the harassment as being against my employment contract." Doolittle also submitted an affidavit from William Gartland, who was present at this point in the arbitration proceeding. He stated "Ms. Doolittle's attorney, Harlan Small, brought up Ms. Doolittle's emotional state and tried to have the harassment experienced in the course of her employment recognized." Both Gartland and Doolittle stated in their affidavits that the defendant's attorney objected, and the arbitrator ruled the issue of harassment was "for another time," and that the court-ordered arbitration was limited solely to the employment contract. Neither Doolittle nor Gartland indicated whether Doolittle's attorney objected to this ruling. There is no indication in the record that he did object.
In her response to appellees' motion for summary judgment, Doolittle contended that the two claims did not arise out of the same facts and circumstances and could not have been litigated together. She argued the court, through the arbitrator, had the discretion under Civ.R. 42(B) to order separate trials on any claim or issue. Doolittle argued that when the arbitrator stated the issue of harassment was "for another time" that, in effect, the court ordered separate trials on those issues. Civ.R. 42 gives a court the discretion to order issues to be tried separately, but only after a hearing. There is no allegation the court conducted such a hearing. Nevertheless, Doolittle contended it was the court, through the arbitrator, that ruled the claims had to be tried separately, and that therefore she cannot be barred from bringing the current lawsuit by res judicata.
In an answer brief, appellees contended that Doolittle should have filed a Civ.R. 15 motion to amend the pleadings if she wanted to raise the issue of intentional infliction of emotional distress. Appellees argued if the arbitrator or the court declined to allow an amendment to the pleadings, the issue would have been appealable. They pointed out there is no indication in the record that Doolittle either made an informal request to amend the pleadings or filed a motion. There also is no indication Doolittle's attorney objected to the arbitrators "ruling." Secondly, appellees contend that if Doolittle wanted to raise the issue, she should have appealed the arbitrator's decision and did not. They argued Doolittle's failure to appeal the arbitrator's decision constituted a waiver of the issue and, therefore, of the present claims.
On June 17, 1999, the trial court granted appellees' motion for summary judgment. The judgment entry provided no explanation of the court's reasoning. From this judgment, Doolittle timely filed notice of appeal, assigning the following errors:
 "[1]. The trial court erred to the prejudice of appellant in ruling that appellant's claim for intentional infliction of emotional distress was barred by the doctrine of res judicata.
 "[2]. The trial court erred in ruling that the doctrine of res judicata barred claims against a party to the present action who was not a party to the prior action or in privity with a party to the prior action."
Doolittle argues her first complaint against Zapis Corporation and Xenophon Zapis was for breach of contract, whereas her second complaint is for the intentional infliction of emotional distress. She argues that because these claims arise out of separate and distinct transactions and occurrences, the second complaint is not barred by the doctrine of res judicata
(the second and third causes of action in the second complaint are irrelevant).
Doolittle argues the correctness of the trial court's ruling depends on whether there is a common nucleus of operative facts establishing the two claims. A common nucleus exists where facts essential to support the right of recovery in the first case are also essential to support the right of recovery in the second case. Assuming, arguendo, this is the sole test, there is a common nucleus of facts between the two claims.
First, we note that Hilber was unquestionably an employee of the corporation. Hence, he had an agency relationship to some degree with that corporation. In her intentional infliction of emotional distress lawsuit, Doolittle alleged that Hilber constantly harassed Doolittle and the personnel she supervised. Despite the personal nature of the alleged acts, they were all clearly done as part of Hilber's employment duties. Moreover, Doolittle's claim of Hilber's personal vendetta is just that, a claim, not a fact. Appellant's submissions fail to demonstrate that Hilber's actions exceeded the scope and context of his agency relationship with the corporation. Thus, all of his actions were inextricably linked, as was he, with the corporation.
Even Hilber's impolite inferences of indolence directed at Doolittle and the employees she supervised were consistent with his position and duties at the station. Her factual allegations never exceeded the employment context. Hilber's statements and actions were directly related to the Zapis Corporation's defense of the breach of contract claim. Thus, there appears to be a common nucleus of facts, as well as parties, because of Hilber being an employee/agent of the corporation.
More significantly, under the current law in Ohio, the doctrine of res judicata has a broader application than Doolittle suggests. In Holzemer v. Urbanski (1999), 86 Ohio St.3d 129, the Supreme Court of Ohio provided the following explanation and analysis of the doctrine's current application:
 "Thus, in the accepted terminology of today, the type of res judicata at issue in this case is referred to as claim preclusion. In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, this court adopted an expansive view of claim preclusion, holding at the syllabus that `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' In addition, `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' Rogers v. Whitehall
(1986), 25 Ohio St.3d 67, 69; Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62; Grava, 73 Ohio St. 3d at 382. 2.
 "2. In order to avoid the possible misleading connotations in this context of the phrase `claims which might have been litigated' in the first lawsuit, some courts prefer to refer instead to `claims which should have been litigated' in the first lawsuit. See, e.g., Wilkins v. Jakeway
(S.D.Ohio 1998), 993 F. Supp. 635, 645." Id. at 133. (Parallel citations omitted).
In addition to the common nucleus of operative facts concept, the doctrine requires a plaintiff to raise all the claims which might, or should, have been raised in the initial action. In this case, all the occurrences that formed the basis for both suits occurred prior to Doolittle's termination. At the least, all the claims could have been raised in the first action. Although Doolittle cites Grava v. Parkman Twp. in support of the narrower "common nucleus of operative facts" analysis, the case embraced the broader view expressed in Holzemer, stating:
 "In recent years, this court has not limited the application of the doctrine of res judicata to bar only those subsequent actions involving the same legal theory of recovery as a previous action. In Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, we stated: `It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit"' (emphasis sic) (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that `[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.' Id." Grava, at 382.
In response, Doolittle argues that she did attempt to raise the current claim during the course of the arbitration proceedings, but was precluded from doing so by the arbitrator and, therefore, the court. First, the statements contained in the two affidavits stating Doolittle tried to raise the issue of "harassment" during the arbitration hearing did not constitute the advancement of a new claim under a new theory in the course of that proceeding. Doolittle averred she tried to "bring in harassment as being against my employment contract." She did not aver that either her or her lawyer attempted to articulate a claim for the intentional infliction of emotional distress. There is no indication in the record there was a bona fide attempt to raise the current claim in the arbitration proceeding.
Second, under Loc.R. 13.20 of the Court of Common Pleas of Trumbull County, Doolittle had the right to appeal the arbitrator's decision. Under the rule, upon the filing of a notice of appeal, the case would have been returned to the court of common pleas for a trial de novo, at which point she would have had the opportunity to amend her pleadings. Thus, even had the arbitrator improperly prevented her from raising a valid claim, nothing prevented Doolittle from following the procedures which would have ensured the claim be heard. Doolittle might, could, and should have brought all her claims in the initial action. We cannot conclude that the trial court abused its discretion in granting appellees' motion for summary judgment on the basis of Doolittle's first assignment of error. The assignment is without merit.
In her second assignment of error, Doolittle contends that the doctrine of res judicata does not apply to Hilber, as he was not a party to the first case. However, as Doolittle herself points out, the doctrine is available to a person who is in privity with a party to the prior action. Deaton v. Burney
(1995), 107 Ohio App.3d 407, 413. It is evident from the record that Hilber was in privity with Zapis Corporation. He was its employee. Doolittle alleges in her complaint that Hilber was at all times acting within the scope of his employment and with the consent of Zapis Corporation. Hilber's business at the radio station was to advance the interests of the Zapis Corporation.
Conversely, Doolittle is seeking to hold the Zapis Corporation liable for the manner in which Hilber chose to attempt to advance its interests. Hilber is the focal point and actor in all the allegations which form the basis of the claim against Zapis Corporation. Doolittle views Hilber and Zapis Corporation as being so unified in interest that Zapis Corporation should be held liable for Hilber's acts. We conclude that Hilber's and Zapis Corporation's interests are so identified in interest that they represent the same legal right for purposes of the application of the doctrine of res judicata to this matter. Doolittle's second assignment of error is without merit.
The judgment of the trial court is affirmed.
 ___________________________ WILLIAM M. O'NEILL, Judge
FORD, P.J., CHRISTLEY, J., concur.