OPINION
Plaintiff-Appellant, Raman K. Talwar, M.D. ("Appellant"), appeals the judgment of the Court of Common Pleas of Allen County granting summary judgment in favor of Bilal Kattan, M.D., and Russell J. Taylor, M.D., ("Appellees"). For the following reasons, we affirm the decision of the trial court below.
The pertinent facts of the case are as follows. On August 30, 1991, Appellant became a provisional member of the medical staff of Lima Memorial Hospital ("Lima Memorial"). In late January of 1994, Appellant requested advancement to Lima Memorial's active medical staff. Upon conducting extensive peer review proceedings, on July 27, 1994, the Lima Memorial Medical Staff Executive Committee recommended that Appellant's application for advancement from provisional member to active medical staff member be denied. Thereupon, on September 27, 1995, the Board of Trustees of Lima Memorial denied Appellant's request for appointment to the active medical staff.
On February 23, 1996, Appellant filed a civil lawsuit against Dr. Bilal Kattan.[1] Dr. Kattan was Chairman of the Lima Memorial Emergency Medicine Department at the time that Appellant's petition for active staff member status was denied. The lawsuit alleged that Dr. Kattan had defamed Appellant and that Dr. Kattan was the primary reason that Appellant's petition for advancement had been denied. The trial court later held, however, that Appellant's action was barred by the statute of limitations. Thus, Dr. Kattan's motion for summary judgment was granted. Appellant then appealed and this Court affirmed the decision of the trial court.[2]
On April 8, 1998, Appellant filed the present action alleging that Dr. Kattan had tortiously interfered with the business or contractual relationship between himself and Lima Memorial. Appellant also added Dr. Russell J. Taylor as a defendant to the action. Dr. Taylor was Chief of Staff of Lima Memorial at the time that Appellant's petition for active staff member status was denied.
On August 28, 1998, the Appellees filed a joint motion for summary judgment. On November 23, 1998, the trial court granted the Appellees' motion.
Appellant now appeals, asserting four assignments of error.
Standard of Review for Summary Judgment
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).
Having set forth the proper standard of review, we now turn to the merits of Appellant's four assignments of error. For purposes of clarity and brevity, we will review Appellant's second and fourth assignments of error first.
ASSIGNMENT OF ERROR NO. II
 The trial court improperly granted summary judgment, because it failed to give to the nonmoving party the opportunity to conduct reasonable discovery.
Appellant asserts in his second assignment of error that he was denied an opportunity to conduct reasonable discovery prior to the trial court's final determination of the Appellees' joint motion for summary judgment. For the following reasons, we do not agree.
As we stated previously, upon deciding a motion for summary judgment, the evidence must be construed most strongly in favor of the nonmoving party. Horton, 73 Ohio St.3d at 686-87. Obviously, the evidence cannot be examined in a light most favorable to the nonmoving party if full access to the necessary materials and witnesses are denied. Manofsky v. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663; Tucker v. Webb Corp. (1983), 4 Ohio St.3d 121,123. Nevertheless, it is axiomatic that a trial court always enjoys considerable discretion in the regulation of discovery proceedings. Manofsky, 69 Ohio App.3d at 668; State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus. Hence, the standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion. Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,592. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The law is settled that a party who is unable to obtain the evidence and information necessary to oppose a motion for summary judgment may seek a continuance pursuant to Civ.R. 56(F) in order to obtain the necessary discovery. R R. Plastics, Inc. v. F.E. Meyers Co. (1993), 92 Ohio App.3d 789; see, also, Benjamin v. Deffet Rentals, Inc. (1981), 66 Ohio St.2d 86, 92; Paul v. Uniroyal Plastics Co. (1988), 62 Ohio App.3d 277, 282; Gates Mills Invest. Co. v. Pepper Pike (1978), 59 Ohio App.2d 155. A party who fails to seek relief under Civ.R. 56(F) does not preserve his rights under the rules for purposes of appeal. Stegawski v. Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 87.
In the case before us, a thorough review of the record reveals that Appellant did not seek a Civ.R. 56(F) motion requesting additional time in which to conduct discovery. We also note that Appellant filed the present action on April 8, 1998. Appellees filed the joint motion for summary judgment on August 28, 1998. Thus, Appellant had over four months to conduct discovery prior to the filing of the Appellees' motion for summary judgment.[3] Moreover, the Appellees' motion for summary judgment was not granted by the trial court until November 23, 1998—some eight months after the filing of the present action.
For the aforementioned reasons, we find that Appellant had a reasonable opportunity to conduct discovery prior to the trial court's granting of the Appellees' motion for summary judgment. Thus, we find no abuse of discretion by the trial court.
Accordingly, Appellant's second assignment of error is not well-taken and is overruled.
ASSIGNMENT OF ERROR NO. IV
 The trial court improperly found that Appellant's cause of action was barred by the equitable doctrine of [r]es judicata, because the Appellant in a prior action was never given an opportunity to have his claims decided upon their true merits.
Appellant maintains in his fourth assignment of error that the granting of Dr. Kattan's motion for summary judgment in Talwar based upon the expiration of the statute of limitations was not an adjudication upon the merits.[4] Thus, Appellant asserts that the trial court erred in finding that the present cause of action, as against Dr. Kattan, is barred by the doctrine of res judicata. For the following reasons, we do not agree.
The legal doctrine of res judicata is to assure an end to litigation, and to prevent a party from being vexed twice for the same cause." LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 113; Deaton v. Burney (1995), 107 Ohio App.3d 407, 414. Res judicata consists of two related concepts—claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel). Grava v. Parkman (1995), 73 Ohio St.3d 379, 381. With respect to the issue preclusion aspect of the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Id. at 382.
Pursuant to the Supreme Court of Ohio's holding in Grava, we must now address the following two matters: (1) whether Appellant's present cause of action arises out of the same transaction or occurrence that was the subject matter of Talwar I, and (2) whether the trial court's granting of summary judgment in Talwar I based upon the expiration of the statute of limitations constitutes a final decision upon the merits.
In the case before us, Appellant's complaint alleges a cause of action against the Appellees for tortious interference with a business or contractual relationship between himself and Lima Memorial. Meanwhile, in Talwar I, Appellant asserted a cause of action against Dr. Kattan for defamation. Appellant has therefore asserted two separate and distinct causes of action in each lawsuit. The only significant difference between Talwar I and the case before us today is the theory of substantive law under which Appellant seeks relief. For the foregoing reasons, it is clear that Appellant's second lawsuit is based upon a claim arising out of the same occurrence that was the subject matter of Talwar I.
We must now determine whether a trial court's decision granting summary judgment on the basis that the statute of limitations has expired constitutes a final decision upon the merits. If answered in the affirmative, the doctrine of res judicata bars the present action.[5]
In Talwar I, the trial court granted Dr. Kattan's motion for summary judgment on the basis that the statute of limitations for the defamation action had expired. Appellant now asserts that the dismissal of Talwar I should not preclude a new cause of action against the Appellees. The Appellees, meanwhile, assert that the Supreme Court of Ohio's decision in LaBarbera controls the outcome of the present case. In LaBarbera the Supreme Court of Ohio held in pertinent part as follows:
 Where it is properly established that in a prior suit on the same cause of action between the same parties a valid and existing final judgment was rendered for defendant on the ground that the statute of limitations had expired prior to its commencement, such judgment, whether or not erroneous is on the merits, and is res judicata, and the plaintiff is not entitled to recommence his action * * *.
Id. at paragraph one of the syllabus.
The facts of LaBarbera are clearly distinguishable from the facts set forth herein. For instance, in the case before us today, Appellant has asserted a cause of action for tortious interference with a business or contractual relationship between himself and Lima Memorial. In Talwar I, Appellant had asserted a cause of action against Dr. Kattan for defamation. Thus, it is evident that Appellant has asserted two separate and distinct causes of action in each lawsuit. There is also an additional defendant in the case before us today. Thus, we cannot say that the holding in LaBarbera controls the outcome of the present case. However, at least one other appellate district in Ohio has addressed a matter similar to the one presented herein. In Deaton v. Burney (1995), 107 Ohio App.3d 407, the Second District Court of Appeals held in pertinent part as follows:
 The statute-of-limitations issue was determined against the plaintiffs in the [previous] * * * action, and that determination operates as an adjudication of the merits of their claims. They had a fair opportunity to fully litigate and be heard in the due process sense. Therefore, the principal concern of res judicata is satisfied.
Id. at 413-414, citing Goodson v. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193.
We agree with the reasoning and rationale of the Second District Court of Appeals and hold that the dismissal of an action on the basis that the statute of limitations has expired operates as an adjudication upon the merits. Thus, Appellant's claim that Dr. Kattan had tortiously interfered with the business or contractual relationship between himself and Lima Memorial is barred by the doctrine of res judicata.
For the foregoing reasons, we find Appellant's argument not well-taken. Accordingly, Appellant's fourth assignment of error is overruled.
We will now address Appellant's first and third assignments of error simultaneously as both relate to and concern the same issue.[6]
ASSIGNMENT OF ERROR NO. I
 The trial court improperly granted summary judgment, because the moving party failed to identify those portions of the record before the court which demonstrates an absence of a genuine dispute concerning a material element of the nonmoving party's claim.
ASSIGNMENT OF ERROR NO. III
 The trial court improperly found that the record before it did not demonstrate that the Appellees acted with actual malice, and/or without a reasonable belief that the information which they were providing was warranted by the facts known to them, because, after assuming that all testimony rendered by means of affidavits was true, that the allegations contained in the Complaint were likewise true, and after drawing all plausible inferences in favor of the Appellant, the record demonstrates, that with actual knowledge of their falsity, or with a reckless disregard as to the truth; the Appellees made allegations of improper professional conduct on the part of the Appellant to Lima Memorial Hospital which lead to the termination of Appellant's contractual relationship with that institution.
 Appellant asserts in his first and third assignments of error that the trial court erred in reaching the following two conclusions: (1) that the Appellees, in their joint motion for summary judgment, adequately point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that Appellant has no evidence to support his claims, and (2) that no genuine issue of material fact remains to be litigated with respect to Appellant's claim.
We will address Appellant's third assignment of error first. Appellant asserts in his third assignment of error that the trial court erred in finding that no genuine issue of material fact remains to be litigated upon the issue of whether the Appellees had tortiously interfered with the business or contractual relationship between himself and Lima Memorial. Appellant alleges the record before this Court adequately shows that the Dr. Taylor knowingly made statements about Appellant that were false, or that the statements were made with a reckless disregard as to their truth or falsity.
In his brief, Dr. Taylor asserts that any statements made by him with regard to Appellant's job performance at Lima Memorial were the subject of a statutory privilege of immunity. Further, Dr. Taylor refutes the claim that he knowingly made false statements against Appellant, or that he made statements with a reckless disregard as to their truth or falsity. For these reasons, Dr. Taylor contends that the trial court was correct in granting summary judgment upon this issue in his favor.
We first note that in the State of Ohio, physicians and employees of hospitals are given a qualified privilege or immunity pursuant to R.C. 2305.25 regarding statements made in a utilization review committee, quality assurance committee, or peer review committee. Specifically, R.C. 2305.25 provides immunity to members of professional review committees for actions taken within the scope of the committee's function. R.C. 2305.25(D) provides in pertinent part as follows:
 [N]o person who provides information under this section and provides such information without malice and in the reasonable belief that the information is warranted by the facts known to the person shall be subject to suit for civil damages as a result of providing the information.
R.C. 2305.251 also provides in pertinent that:
 Proceedings and records within the scope of the peer review or utilization review functions of all review * * * committees * * * described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional[.]
R.C. 2305.25 was enacted in order to confer protection to those who provide information to certain health care provider review boards and committees to encourage the free flow of communication without the fear of civil liability. Browning v. Burt (1993), 66 Ohio St.3d 544, 562; Jacobs v. Frank (1991),60 Ohio St.3d 111, 113. The statute protects those serving on committees in order to ensure candid review and participation in the process for it would be difficult to staff the committees without such protections. Browning, supra; Kalb v. Morehead (1995), 100 Ohio App.3d 696, 700; Moore v. Burt (1994), 96 Ohio App.3d 520. We also note that qualified immunity is a question of law, not fact, which can properly be determined by summary judgment. Spratt v. Rickey (Mar. 26, 1998), Adams App. Nos. 97 CA 639 and 97 CA 642, unreported.
To overcome the qualified privilege under R.C. 2305.25, the party seeking relief must present clear and convincing evidence that the defendant acted with actual malice. Jacobs, Ohio St.3d at 114-115. "In a qualified privilege case, actual malice is defined as acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity." Jacobs,60 Ohio St.3d at 116.
In the case before us, conferring immunity upon the members of the peer review committee of Lima Memorial is clearly within the spirit of the qualified immunity privilege enunciated in R.C.2305.25.[7] It is undisputed that Dr. Taylor was a member of the peer review committee at the time of the dispute, and we find that any statements made by him were within the scope of his duties as a member of the peer review committee. Thus, we need only determine whether Dr. Taylor's statements were knowingly false or whether the statements were made with reckless disregard as to their truth or falsity.
The evidence before us is as follows. Mr. Norman Browning, M.D., a retired doctor and former Chief of Surgery at St. Rita's Hospital in Lima, Ohio, states in his affidavit that Dr. Taylor contacted him in the Spring of 1994 seeking information about Appellant. Dr. Browning's affidavit simply states that Dr. Taylor asked Browning to comment on the competence, capability, and behavior of Dr. Talwar. Dr. Browning's affidavit further states that Dr. Taylor appeared disappointed that he did not receive the information that he wanted. Dr. Browning opines in his affidavit that Dr. Taylor's conduct was based upon bias and political motivation against Appellant.
Despite the foregoing statements, at no time does Dr. Browning assert in his affidavit that Dr. Taylor knowingly made false statements about Appellant or that Dr. Taylor made statements with reckless abandon as to their truth or falsity. Further, Appellant's own affidavit makes no mention of any false or reckless statements on the part of Dr. Taylor.
The foregoing evidence, as well as the other evidence before this Court, clearly demonstrate that Appellant has failed to present any evidence that Dr. Taylor knowingly made false statements about Appellant or that Dr. Taylor made statements about Appellant with a reckless disregard as to their truth or falsity. In fact, Appellant merely states in his brief that "the demeanor of Dr. Taylor is an indices [sic] of actual malice towards the Appellant." We cannot in good conscience find that such vague allegations of improper conduct create a genuine issue of material fact as to whether Dr. Taylor knowingly made false statements about Appellant or, in the alternative, made statements about Appellant with a reckless disregard as to their truth or falsity.
For the foregoing reasons, we find that no genuine issue of material fact remains to be litigated upon this issue. Thus, the trial court's granting of summary judgment in favor of Dr. Taylor upon this issue was correct in all respects.
Appellant maintains in his first assignment of error that the Appellees had the initial burden of showing a lack of a genuine dispute by setting forth some evidence to support their claims. Specifically, Appellant maintains that Dr. Taylor's conclusory assertions that there is no evidence to prove tortious interference with Appellant's business or contractual relationship is an insufficient foundation upon which to grant the Appellees' motion for summary judgment.
The Supreme Court of Ohio in Vahila v. Hall (1997), 77 Ohio St.3d 421
set forth the appropriate standard which the moving party must meet to be entitled to summary judgment under Civ.R. 56. The Court in Vahila held as follows:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
 (Emphasis sic.) Id. at 429. As we previously stated, we review the grant of a motion for summary judgment independently and do not give deference to the trial court's determination. Schuch, 113 Ohio App.3d at 720.
 In the case before us, the Appellees' reply brief to Appellant's memorandum in opposition to the Appellees' motion for summary judgment specifically points to evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that Appellant had no evidence to support his claims. For instance, Dr. Taylor's specific references to the affidavits of Dr. Browning adequately identify those portions of the record which demonstrate the absence of a genuine issue of material fact as to Appellant's claim. Thus, Appellant's argument is not well-taken.
For the aforementioned reasons, we find that Appellant's first and third assignments of error lack a sufficient basis for reversal of this cause. Accordingly, Appellant's first and third assignments of error are overruled.
The judgment of the Allen County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] Hereafter referred to as "Talwar I".
[2] Talwar, M.D. v. Kattan, M.D. (Mar. 31, 1998), Allen App. No. 1-97-58, unreported.
[3] We are also mindful that much of the relevant discovery had already been conducted pursuant to Talwar I.
[4] The trial court held that the defense of res judicata was available only to Dr. Kattan. The basis for this conclusion was that Dr. Taylor had failed to raise the defense in any pleading prior to asserting it in the Appellees' joint motion for summary judgment. Having failed to do so, Dr. Taylor waived the right to assert that defense in the joint motion for summary judgment. The Appellees do not challenge that determination upon this appeal.
[5] As against Dr. Kattan only.
[6] Having already determined that Appellant's claim against Dr. Kattan is res judicata, we need only address the following issues with respect to Appellee Dr. Taylor.
[7] At the time Appellant's privileges were terminated at Lima Memorial, Dr. Kattan was Chairman of the Lima Memorial Emergency Medicine Department and Dr. Taylor was Chief of Staff of Lima Memorial. Both physicians were members of Lima Memorial's peer review committee.