**DEATON et al., Appellants,**

v.

**BURNEY et al., Appellees.**

[Cite as *Deaton v. Burney* (1995), 107 Ohio App.3d 407.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15133.

Decided Nov. 15, 1995.

*Thomas W. Condit,* for appellants Elaine Deaton et al.

*Neil F. Freund,* for appellees Cynthia Burney et al.

GRADY, Judge.

Plaintiffs appeal from a summary judgment dismissing the claims for relief they brought pursuant to R.C. 2933.32(D)(3) for allegedly illegal strip searches and/or searches of their bodily cavities performed while they were prisoners of the Dayton Human Rehabilitation Center ("DHRC"), a detention facility operated by the city of Dayton. The defendants are employees of the city. Some or all of them are alleged to have conducted the searches. The city of Dayton is not a party to the action.

The searches took place on March 24, 1989, when the plaintiffs were brought to the DHRC following their arrest for a protest at a local abortion clinic. The searches of at least some of the plaintiffs continued while they remained incarcerated at the DHRC.

Plaintiffs filed their complaint in the court of common pleas on March 23, 1993. Defendants filed an answer, followed by motions for summary judgment. The trial court granted the motions, holding that the claims for relief were barred by the doctrines of collateral estoppel and *res judicata* due to prior litigation of those claims in federal court. The court also held that the action was barred by R.C. 2305.10, the two-year statute of limitations applicable to actions for personal injuries. Plaintiffs filed a timely notice of appeal and now present two assignments of error.

### First Assignment of Error

"The trial court improperly granted summary judgment to the defendants on grounds of res judicata and collateral estoppel."

The doctrine of *res judicata* embodies two separate and distinct concepts, claim preclusion ("estoppel by judgment") and issue preclusion ("collateral estoppel"). *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226, 228. Pursuant to the claim-preclusion aspect of *res judicata:*

"A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* at syllabus.

■ The doctrine thus bars all claims that were litigated in a prior action as well as all claims which might have been litigated in that action. *Id.* at 382, 653 N.E.2d at 228–229.

■ On April 7, 1992, the plaintiffs in the present action filed an action in the United States District Court for the Southern District of Ohio, captioned *Elaine Deaton et al. v. City of Dayton et al.,* case No. C–3–92–152 (*"Deaton I"*). Their complaint alleged federal as well as state claims for relief arising from the same searches. In both their federal and state claims, the plaintiffs alleged that the strip searches were conducted in violation of R.C. 2933.32.

In the federal action, the plaintiffs named the city of Dayton, Billy C. Russell, the Superintendent of DHRC, and John Smith(s) and Jane Smith(s) as defendants. The John Smith and Jane Smith defendants were described as follows:

"Defendants John Smith(s) and Jane Smith(s) are fictitious names, the real names of said Defendants being presently unknown or known only in part to Plaintiffs, said fictitious names being intended to designate organizations, persons and others acting in concert with any of the Defendants, including but not limited to all past and present employees and agents of the City who participated in, encouraged, or contributed to the constitutional and statutory violations complained of herein. Defendants John Smith(s) and Jane Smith(s) are being sued in both their individual and official capacities." Paragraph 6 of Complaint, *Deaton I, supra.*

The federal court dismissed the complaint with prejudice, holding that all claims, including the state law claims, were barred by the relevant statutes of limitations. The plaintiffs appealed the order with respect to the statute of limitations for plaintiffs' federal law claims but did not appeal the order as it related to plaintiffs' state law claims. The United States Court of Appeals, Sixth Circuit, affirmed the federal trial court's order. The record does not reflect any subsequent appeal of those orders. Thus, a valid, final judgment has been rendered on the merits of plaintiffs' federal and state law claims in the prior action in federal court.

In the present state action, the plaintiffs have identified and joined *by name* those defendants whom they listed as John Smiths and Jane Smiths in the prior federal action. The named defendants are alleged to be employees of the city of Dayton who worked at the DHRC and who committed the acts complained of by plaintiffs, the allegedly illegal searches. These are the same allegations alleged against the John Smith and Jane Smith defendants in the federal action.

■ For the claim-preclusive aspect of *res judicata* to apply, the parties in a subsequent action must be identical to or in privity with the parties in the first action. See *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52

N.E.2d 67, paragraph one of the syllabus, modified on other grounds, *Grava v. Parkman Twp., supra,* at syllabus; *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, paragraph one of the syllabus, modified on other grounds, *Grava v. Parkman Twp., supra,* at syllabus. Had the present defendants been identified by name in the federal action, the doctrine of *res judicata* would unquestionably bar the present state action. Plaintiffs contend, however, that because these defendants were not served and made no appearance in the federal action, they cannot be considered parties to the federal action and, therefore, *res judicata* does not bar the present state court action.

Although the doctrine of *res judicata* generally requires an identity of parties, strict identity is not always required. The doctrine has been applied when the party in the subsequent action, though not named as a party in the prior action, was a real party in interest in that prior action. In applying the doctrine, the court will look beyond the nominal parties to the substance of the cause to determine the real party in interest. *State ex rel. Hofstetter v. Kronk* (1969), 20 Ohio St.2d 117, 49 O.O.2d 440, 254 N.E.2d 15, paragraph two of the syllabus; *Trautwein v. Sorgenfrei* (1979), 58 Ohio St.2d 493, 501, 12 O.O.3d 403, 407, 391 N.E.2d 326, 330–331. Identity of parties is not a mere matter of form, but of substance. *Trautwein v. Sorgenfrei.*

Both the Federal Rules of Civil Procedure and the Ohio Rules of Civil Procedure allow a plaintiff to identify a defendant by the use of a fictitious name. Pursuant to Civ.R. 15(D), when a plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the defendant's name is discovered, the pleading must be amended accordingly. The Federal Rules of Civil Procedure, although not as expansive as the Ohio Civil Rules, also provide a mechanism whereby a complaint can be amended to identify by name a defendant previously named fictitiously. See Fed.R.Civ.P. 15(c)(3). If certain conditions are met, the filing date of the amended complaint will relate back to the date the original complaint was filed against the fictitiously named defendant. *Id.* The benefit to the plaintiff in both instances is to permit him to file within a statute-of-limitations period even though the actual identity of the defendant is then unknown to him.

It is apparent from these provisions that under both the Ohio and Federal Rules of Civil Procedure, a person joined as a defendant but identified by a fictitious name acquires the status of a party at the time the action is filed, regardless of whether he or she has been served or has appeared in the action. Certain defenses which may otherwise be available to that person, such as a statute-of-limitations defense, are negated by the filing. Filing a complaint against a "John Smith" is thus not without consequence to the person who is, in

fact, that fictitiously named defendant. That being so, a plaintiff who chooses to commence an action against an unknown defendant also assumes the burdens of his or her choice. One of those burdens is the potential bar of *res judicata* in any subsequent action against the person or persons who are fictitiously named should the plaintiff's claim be determined against him or her.

We agree with the position taken by the United States District Court for New Jersey, which stated the following in resolving a question similar to the one before us:

"One cannot invoke 'John Doe' to avoid *res judicata* and relitigate claims *ad nauseum* when in large measure the acts and statements complained of and litigated in [the prior suit] were those of [the present defendants]. In a word, privity aside, [the present defendants] were parties." *Goel v. Heller* (D.N.J. 1987), 667 F.Supp. 144, 151.

We conclude that under the circumstances of this case, the present defendants should be considered parties in the prior federal lawsuit for purposes of *res judicata.*

The doctrine of *res judicata* also applies when a defendant, although not a party to the prior suit, is in privity with named defendants in the prior suit. For purposes of *res judicata,* a person is in privity with another if he is so identified in interest with such person that he represents the same legal right. *Fightmaster v. Tauber* (1932), 43 Ohio App. 266, 268, 183 N.E. 116, 117.

In both the federal action brought by these plaintiffs and in the present case, the John and Jane Smith defendants have been described as employees of the DHRC who allegedly committed the acts complained of: the illegal searches. Billy C. Russell, a named defendant in the federal action, was also described as an employee of the city of Dayton and was alleged to have been directly responsible for the training and conduct of the DHRC staff. Russell also allegedly failed to prevent the searches, though he was in a position to do so. To that extent, the present defendants were in privity with at least one of the defendants in the prior federal action. The doctrine of *res judicata* thus applies to bar these claims against the present defendants, even if they were not defendants in the federal action.

The plaintiffs argue that they did not identify the "Smith" defendants in the prior federal action because counsel for those defendants, who also represents the defendants in this action, said that it was not necessary. Whether or not that occurred, the plaintiffs were not prevented from litigating the statute-of-limitations issue in the federal action against these same defendants. The statute-of-limitations issue was determined against the plaintiffs in the federal action, and that determination operates as an adjudication of the merits of their claims.

They had a fair opportunity to fully litigate and be heard in the due process sense. Therefore, the principal concern of *res judicata* is satisfied. *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978.

"The policy basis of *res judicata* is to assure an end to litigation, and prevent a party from being vexed twice for the same cause." *LaBarbera v. Batsch* (1967), 10 Ohio St.2d 106, 113, 39 O.O.2d 103, 108, 227 N.E.2d 55, 62. To allow the plaintiffs to litigate again their claims against these defendants simply because the plaintiffs did not elect to identify them by name in the first case would be directly contrary to that policy.

The trial court did not err in applying the doctrine of *res judicata* to bar plaintiffs' action. The first assignment of error is overruled.

### Second Assignment of Error

"The trial court improperly granted summary judgment to the defendants on statute of limitations grounds."

Plaintiffs argue that the trial court and the federal court before it applied the wrong statute of limitations, R.C. 2305.10, a two-year statute, to their action. They argue that the correct statute is the residual four-year statute, R.C. 2305.09(D), which would permit their action.

Whether the trial court was correct or incorrect in following the two-year statute is immaterial. The issue was determined against the plaintiffs in the prior federal proceeding and is binding on them under the doctrine of *res judicata.* The error assigned is rendered moot by our determination of the first assignment of error and will not be reviewed pursuant to App.R. 12(A)(1)(c).

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

FAIN and FREDERICK N. YOUNG, JJ., concur.