OPINION
On December 20, 1996, Dennis Gilkey was killed as a result of an automobile accident involving vehicles driven by Dennis Gilkey and a drunk driver, John Gibson. Gibson was at fault. At the time of the accident, Saturn Alarm Systems, a corporation formed by Dennis Gilkey's brother, Joey Gilkey, employed Dennis. (Depo. of Joey Gilkey at 5.) In 1997, Dennis Gilkey's surviving family members filed suit against defendant-appellee, Progressive Insurance Company ("Progressive"), and others, seeking declaratory judgment and damages under different theories of liability arising from the same accident. ("Gilkey I"). The plaintiffs in Gilkey I were: Betty J. Gilkey, (decedent's mother), individually and as administratrix of the estate of Dennis Gilkey; Howard D. Gilkey (decedent's father), Jennifer D. Gilkey (decedent's daughter), by and through her next friend, Carolyn S. Gilkey; and Joey J. Gilkey (decedent's brother) individually and as next friend of Jocelyn Gilkey and Natalie Gilkey (Joey Gilkey's daughters).
In Gilkey I, only Joey Gilkey and his daughters asserted a claim against Progressive. The complaint alleged that Progressive had issued a commercial automobile insurance policy to Joey Gilkey, and that Joey Gilkey was an insured under the policy. Plaintiffs Joey Gilkey, Jocelyn Gilkey, and Natalie Gilkey demanded judgment against Progressive pursuant to the terms of the underinsured motorist coverage in an amount commensurate with his uninsured damages, plus interest, prejudgment interest, and costs. (Complaint in Franklin County Court of Common Pleas action 97CVC01-2259.)
The trial court granted summary judgment to Progressive on this claim on the grounds that the Progressive policy required the insured to sustain "bodily injury" and that Joey Gilkey was not entitled to coverage as he was not bodily injured as a result of the wrongful death of his brother. This court affirmed the judgment of the trial court, and the Ohio Supreme Court overruled a motion to certify. But, see, Moore v. State Auto. Mut. Ins. Co.
(2000), 88 Ohio St.3d 27 (holding that R.C. 3937.18[A][1] does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury in order to recover damages from the insurer).
On December 18, 1998, appellants, the same plaintiffs as in Gilkey I[1], filed the instant action, a complaint for declaratory judgment and breach of contract, against Progressive only ("Gilkey II"). Appellants' theory in Gilkey II is that the decedent, Dennis Gilkey, was an insured under Progressive's policy and, therefore, as wrongful death beneficiaries, they are entitled to recover for Dennis Gilkey's bodily injury. See, generally,Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660
. The parties filed cross-motions for summary judgment, Progressive arguing that under the doctrine of claim preclusion, the judgment rendered in Gilkey I precluded the claims raised in Gilkey II. The trial court granted Progressive's motion and entered judgment on January 6, 2000.
On appeal, appellants assert the following as error:
First Assignment of Error:
 The Trial Court erred in granting Appellee Progressive Insurance Company's Motion for Summary Judgment based on the doctrine of res judicata.
 Second Assignment of Error:
 The Trial Court erred in failing to grant Appellants' Cross-Motion for Summary Judgment based on facts similar or identical to those present in the recently decided case of Scott-Ponzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.
In their first assignment of error, appellants concede that, under ordinary principles of claim preclusion, a valid, final judgment rendered upon the merits bars all subsequent actions arising out of the transaction or occurrence that was the subject matter of the previous action. See Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, paragraph one of the syllabus, in which the Supreme Court of Ohio held that: "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." The previous judgment is conclusive not only to claims which were litigated but, also, claims which might have been litigated in the first suit. Id. at 382, quoting Rogers v. Whitehall (1986), 25 Ohio St.3d 67.
In recognizing that the doctrine of res judicata, and in particular claim preclusion, bars claims which might have been litigated in a previous lawsuit, the Supreme Court cited, with approval, 1 Restatement of the Law 2d, Judgments (1982) 197, Section 24, Comment a, which states, in pertinent part: "The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff * * *. The transaction is the basis of the litigative unit or entity which may not be split."
Here, the occurrence that was the subject matter of the previous action is the automobile accident in which Dennis Gilkey was killed. Although brought as a new action, appellants' new claims arise out of the same transaction or occurrence. The difference is merely in the theory of recovery. In Gilkey I, plaintiffs alleged only Joey Gilkey was an insured, while in Gilkey II they now allege that Dennis Gilkey was an insured. Thus, under Grava, appellants were required to present every ground for relief in the first action, or be forever barred from asserting it. Id. at 382.
But, appellants argue, the ordinary rule of claim preclusion has no application in a declaratory judgment action except to the extent a specified litigated issue is determined. Appellants contend that the doctrine of claim preclusion does not bar their second action because Joey Gilkey's original claim was brought as a declaratory judgment action. Appellants argue that, despite the request for a judgment in terms of money damages, Gilkey I was, in reality, a declaratory judgment action.
We agree with appellants that a declaratory judgment is not res judicata on an issue or claim not determined thereby even though it was known and existing at the time of the original action. Jamestown Village Condo. Owners Assoc. v. Market MediaResearch, Inc. (1994), 96 Ohio App.3d 678, 685; see, also, BuckeyeCommunity Hope Foundation v. City of Cuyahoga Falls (N.D.Ohio. 1997), 970 F. Supp. 1289. The Restatement of Judgments is also instructive:
 * * * When a plaintiff seeks solely declarative relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. The effect of such a declaration, under this approach, is not to merge a claim in the judgment or to bar it. Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.
 * * * A declaratory action is intended to provide a remedy that is simpler and less harsh than coercive relief, if it appears that a declaration might terminate the potential controversy. * * * [1 Restatement of the Law 2d, Judgments (1982) 335, Section 33, Comment c.]
As the district court stated in Buckeye Community HopeFoundation v. City of Cuyahoga Falls (N.D.Ohio. 1997), 970 F. Supp. 1289,1298: "[A]n action for a declaratory judgment is intended to be a mechanism by which the parties can potentially avoid full-fledged litigation on a number of claims, by initially focusing on a single case-dispositive issue. It would defeat this purpose if a court were to bar subsequent actions based on different legal theories due to the res judicata effect of an initial declaratory action." Such is not the case here.
Appellants urge us to characterize Gilkey I as a request for a money judgment in a declaratory judgment action. See Chacev. Dorcy Internatl., Inc. (1991), 68 Ohio App.3d 99, 114
(discussing provision for granting monetary relief in a declaratory judgment action if the prayer for relief contains a request for money judgment). Appellants contend that such a request coupled with a declaratory judgment action does not defeat the declaratory judgment exception to the general rule for claim preclusion. However, Gilkey I cannot be fairly characterized in this manner. It is true that appellants asked for a declaratory judgment that Am.H.B. No. 350, the "Tort Reform Act" was unconstitutional and that amendments to R.C. 2937.18 were unconstitutional. But Gilkey I was not merely a request for a determination of appellants' rights under the Progressive policy coupled with a request for monetary relief. In Gilkey I, appellants asserted their uninsured/underinsured motorist claim and demanded a money judgment from Progressive based on the alleged UM coverage. Accordingly, we hold that the exception to the general rule for claim preclusion has no application to the facts of the instant case.
Finally, appellants argue that the doctrine of claim preclusion should not be applied in this case because the Estate of Dennis Gilkey and his wrongful death beneficiaries were not parties to the prior action against Progressive. Appellants note that Joey Gilkey had a separate claim against Progressive in Gilkey I, based on Joey Gilkey's status as an insured under the commercial policy. The remaining appellants did not assert any claims against Progressive and, therefore, they claim that they should not be precluded from bringing the current claims against Progressive. In other words, appellants contend they were not adversary parties with respect to Progressive as was Joey Gilkey. We disagree.
For the claim preclusive aspect of res judicata to apply, the parties in a subsequent action must be identical to or in privity with the parties in the first action. Deaton v. Burney
(1995), 107 Ohio App.3d 407, 411. In applying the doctrine, the court will look beyond the nominal parties to the substance of the cause to determine the real party in interest. Id. at 412. "Under the term `parties' may be included all who are directly interested in the subject-matter, and who had a right to make defense, control the proceedings, examine and cross-examine, and appeal from the judgment." J.C. Heald v. Cleveland (1916), 19 Ohio N.P. (N.S.) 305, citing Cincinnati v. Wright, 7 Dec. Re. 234 (1 Bull. 387). The Restatement of Judgments notes that a person who is named as a party to an action and subjected to the jurisdiction of the court is a party to the action and is bound by the rules of res judicata. 1 Restatement of the Law 2d, Judgments (1982), Section 34.
Here, the estate of Dennis Gilkey and the wrongful death beneficiaries were parties to the first action, had a definite interest in the subject matter of the first action, and had a full and fair opportunity to litigate any and all claims they might have had against Progressive. The fact that some of the parties in Gilkey I declined to pursue claims against Progressive does not make them nominal parties. Refusing to allow appellants to use an alternate legal theory overlooked in the previous proceedings does not work an injustice. Grava, supra, at 383-384.
The same parties were real parties in interest and fully involved in both actions. Hence, identity of parties is not a bar to claim preclusion. The first assignment of error is not well-taken.
Having decided the trial court did not err in entering judgment for Progressive based on principles of res judicata and specifically claim preclusion, appellants' second assignment of error is overruled as moot. Accordingly, appellants' two
assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
[1] Although the plaintiffs are the same, Jennifer D. Gilkey was a minor in the first complaint, and the action was brought for her by and through Carolyn S. Gilkey, whereas in the second complaint, Jennifer appears individually as a plaintiff.