[Cite as *State v. Harris*, 2012-Ohio-1853.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   24739 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 92-CR-907 |
| v. | : | |
| | : | |
| HERMAN HARRIS, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of April, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, Post Office Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

HERMAN HARRIS, JR., #A285-745, Hocking Correctional Facility, 16959 Snake Hollow Road, Post Office Box 59, Nelsonville, Ohio 45764-0059
    Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Herman Harris, Jr. appeals from an order overruling his

Motion to "Correct Void Sentence and/or Judgment," entered June 24, 2011.  Pursuant to

Crim. R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 (2008), Harris contends that the trial court's Termination Entry, entered November 17, 1993, as well as a nunc pro tunc entry, entered April 2, 2010, are not final appealable orders. Therefore, his sentence should be vacated and a new three-judge panel should be convened for re-sentencing. Harris also contends that the trial court failed to complete the Verdict Form, filed November 5, 1993, in accordance with R.C. 2945.75 and R.C. 2945.171. In other words, he argues that the Verdict Form fails to state the elements of his offenses. Similarly, Harris contends that both the Termination Entry and the nunc pro tunc entry are invalid because the degree of the offense is not included for either count upon which he was convicted. Again, Harris argues that because the elements on the Verdict Form and entries are allegedly incorrect, his sentence should be vacated and he is entitled to re-sentencing. Finally, Harris argues that a single judge lacks the authority to issue a nunc pro tunc entry correcting a previous order issued by a three-judge panel.

{¶ 2}     We conclude that the Termination Entry was in fact a final appealable order and Harris' four assignments of error are barred by *res judicata*. Specifically, the Termination Entry and the nunc pro tunc entry comply with Crim.R. 32(C). *State, ex. rel DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235. Thus, the Termination Entry was a final appealable order, and this court properly exercised jurisdiction over the appeal Harris filed in 1994 appeal. Because this court had jurisdiction, Harris is barred by *res judicata* from raising claims pertaining to the Verdict Form and the Termination Entry, which could have been raised in his initial appeal. Finally, a single judge's signature on a nunc pro tunc entry that should be signed by a three-judge panel constitutes reversible error, not a

jurisdictional defect. Therefore, because Harris failed to appeal from the entry, *res judicata* bars him from raising that issue in this appeal. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I. Course of Proceedings

{¶ 3} This case arose after a three-judge panel found Harris guilty of Murder and Grand Theft in 1993. Harris had been charged with Aggravated Murder with death-penalty specifications, hence the three-judge panel. He was sentenced to a term of fifteen years to life for Murder and a term of four to ten years for Grand Theft. Harris appealed; we affirmed. *State v. Harris*, 2d Dist. Montgomery No. 14343, 1994 WL 718227 (December 21, 1994).

{¶ 4} Since his original appeal, Harris has filed four subsequent appeals with this court, one of which resulted in an affirmance; the other three appeals were dismissed. *State v. Harris*, 2d Dist. Montgomery No. 18525, 2001 WL 109144 (Feb. 9, 2001); *State v. Harris*, 2d Dist. Montgomery No. 23068 (Mar. 25, 2009); *State v. Harris*, 2d Dist. Montgomery No. 23733 (Jan. 26, 2010); *State v. Harris*, 2d Dist. Montgomery No. 24178 (Mar. 11, 2011).

{¶ 5} Harris now appeals from the trial court's order overruling his "Motion to Correct Void Sentence and/or Judgement." Harris alleged that the April 2, 2010 nunc pro tunc entry was invalid pursuant to Crim. R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. He further argued that the entry was invalid because it did not include the degree of the offense for either count and the entry was signed by one judge instead of all three judges on the panel. *Id*. The trial court held that the nunc pro tunc entry complied with Crim. R. 32(C) and *Baker* and that Harris's remaining arguments were barred

by *res judicata*.

## II. Violation of Crim.R. 32(C) Does Not Render A Sentencing Entry Void.

{¶ 6}  Although not assigned as an error, Harris argues throughout his appellate brief that his original sentencing entry and the nunc pro tunc entry did not comply with Crim.R. 32(C) and *State v. Baker*, thereby rendering his convictions void.  Specifically, Harris contends that the Termination Entry is not a final appealable order because it fails to set forth the manner of his conviction.  That is, the entry did not indicate that Harris was found guilty by a three-judge panel.  Moreover, Harris contends that the nunc pro tunc entry issued April 2, 2010 correcting this clerical error is also void because it did not change his convictions to reflect the lesser degrees of Murder and Grand Theft.  Harris argues that because these entries are not final appealable orders, he is not only entitled to a vacated verdict and re-sentencing, but that this court did not have jurisdiction over his original appeal.  We disagree.

{¶ 7}  Crim.R. 32(C) provides, "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence.  * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."  Therefore, "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry of the journal by the clerk of courts." *Baker* at syllabus.

{¶ 8}  "Clerical errors in judgment, orders, or other parts of the record, and errors in

the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 36. "A nunc pro tunc entry is the proper method for correcting clerical errors." *State v. Kendrick*, 2d Dist. No. 24626, 2012-Ohio-504. "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually did, not what the court might or should have decided." *DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, at ¶ 17, quoting *State ex. rel Mayer v. Henson*, 97 Ohio St.3d 276, 2001-Ohio-6323, 779 N.E.2d 223, at ¶ 14. "A nunc pro tunc entry is often used to correct a sentencing entry that, because of a mere oversight or omission, does not comply with Crim.R. 32(C). *Id.* (citations omitted).

{¶ 9} "Consistent with the treatment of Crim.R. 32(C) errors as clerical mistakes that can be remedied by a nunc pro tunc entry, [the Supreme Court of Ohio] expressly held that 'the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.' " *Id.* at ¶ 18, quoting *State ex. rel Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, at ¶ 2. Furthermore, "the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction * * * is not a violation of the *statutorily* mandated terms, so it does not render the judgment a nullity." *DeWine* at ¶ 19 (emphasis sic, citations omitted). *See, also State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. "[T]he fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final." *Lester* at ¶ 16.

{¶ 10} Thus, the trial court properly denied Harris's motion because the nunc pro tunc entry was in compliance with Crim.R. 32(C) and *Baker* and was the proper means to

correct the clerical error in the Termination Entry. Harris's assertion that failure to alter his conviction renders the nunc pro tunc entry void is without merit. In the case of Crim.R. 32(C) compliance, a change to the substance of the entry is inappropriate because an entry is required to reflect what the court actually intended, not what it should have done.

{¶ 11} Moreover, contrary to Harris's contention, the Termination Entry is a final appealable order despite the necessity for the nunc pro tunc entry. Therefore, this court properly had jurisdiction to hear and decide his 1994 appeal.

### III. Claims Relating to the Verdict Form are Precluded

### Based On the Doctrine of *Res Judicata*.

{¶ 12} Harris's Second, Third, and Fourth Assignments of Error are as follows:

ASSIGNMENT OF ERROR NUMBER TWO: THE DEFENDANT/ APPELLANT, MR. HERMAN HARRIS, JR[.] WAS DENIED "EQUAL PROTECTION" OF LAW AND "DUE PROCESS" OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, OHIO BILL OF RIGHTS: ARTICLE I, §§ 2, AND 16 OF THE OHIO CONSTITUTION, WHEN THE TRIAL COURT FAILED TO PROPERLY COMPLETE THE VERDICT FORM (NOVEMBER 5th, 1993 CASE NO. 92-CR-907 MONTGOMERY COUNTY COMMON PLEAS COURT). THE APPELLANT MR. HARRIS SHOULD HAVE BEEN SENTENCED AND/OR CONVICTED ON THE NEXT LESSER OFFENSE REDUCING THE "GRAND THEFT" TO AN OFFENSE OF "THEFT" BECAUSE THE "VERDICT FORM" DOES NOT CITE THE DEGREE OF THE OFFENSE, AND THE OFFENSE OF "MURDER" CITES NO DEGREE OF THE OFFENSE, NOR,

MAKES NO MENTION OF THE "ELEMENTS" WITHIN THE VERDICT FORM. THEREFORE, THE "MURDER" OFFENSE SHOULD HAVE BEEN A FINDING OF GUILT ON THE LESSER OFFENSE OF "VOLUNTARY MANSLAUGHTER" OR "INVOLUNTARY MANSLAUGHTER." THE TRIAL COURT AND/OR SENTENCING COURT COMMITTED PLAIN ERROR BY SENTENCING THE DEFENDANT/APPELLANT MR. HARRIS, TO THE GREATER CRIMINAL OFFENSE THAT'S UNAUTHORIZED BY STATUTES.

ASSIGNMENT OF ERROR NUMBER THREE: THE TRIAL COURT ERRORED [sic] WHEN IT FAILED TO IMPOSE SENTENCES OF THE NEXT LESSER OFFENSE ON "MISDEMEANOR THEFT" O.R.C. §§ 2913.02 (MISDEMEANOR OF THE FIRST DEGREE MAXIMUM SENTENCE SIX (6) MONTHS AND A $1,000.00 DOLLAR FINE), AND THE LESSER OFFENSE(S) OF INVOLUNTARY MANSLAUGHTER OR VOLUNTARY MANSLAUGHTER. THE VERDICT FORM FAILS TO PROPERLY STATE THE FELONY DEGREE(S) OF THE CRIMINAL OFFENSE OF "MURDER" AND THE CRIMINAL OFFENSE OF "GRAND THEFT," NOR DOES THE VERDICT FORM PROPERLY STATE THE "ELEMENTS" TO DESCRIBE THE ACTUAL FELONY STATUTE OF "MURDER" IN ORDER TO PROPERLY CHARGE THE OFFENSE AND TO IMPOSE THE SENTENCE FOR THE CRIMINAL OFFENSE OF "GRAND THEFT" AND "MURDER." THE VERDICT FORM DID NOT COMPLY WITH OHIO REVISED CODE §§ 2945.75(a)(2) AND SUCH IS NOT SUFFICIENT TO CONVICT THE APPELLANT MR. HARRIS OF THE CLASSIFIED OFFENSE OF "MURDER" AND "GRAND THEFT," PURSUANT TO OHIO REVISED CODE §§ 2945.75(a)(2). THE

APPELLANT MR. HARRIS, WAS DENIED "EQUAL PROTECTION OF LAWS" AND "DUE PROCESS OF LAW" UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, OHIO BILL OF RIGHTS: ARTICLE I, § 2 AND 16 OHIO CONSTITUTION. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR.

ASSIGNMENT OF ERROR NUMBER FOUR/FOURTH CONSTITUTIONAL ERROR: OHIO REVISED CODE [§§ 2945.17.1] §§ 2945.171 "VERDICT IN WRITING"; OHIO REVISED CODE §§ 2945.75(A)(2) "DEGREE OF OFFENSE; CHARGE; AND VERDICT"; OHIO RULES OD [sic] CRIMINAL PROCEDURE CRIM.R. 31(A) "VERDICT RETURN;" AND OHIO RULES OF CRIMINAL PROCEDURES CRIM.R. 32(C) "SENTENCES" ARE BEING APPLIED IN A [sic] UNCONSTITUTIONAL MANNER THAT HAVE DENIED THE APPELLANT MR. HARRIS THE "EQUAL PROTECTION OF LAWS" AND "DUE PROCESS OF LAW" PROTECTIONS GUARANTEED BY BOTH THE FOURTEENTH AMENDMENT "CLAUSES" OF THE UNITED STATES CONSTITUTION, AND THE OHIO BILL OF RIGHTS: ARTICLES I, §§§ [sic] 2 AND 16, OF THE OHIO CONSTITUTION. OHIO REVISED CODE [§§ 2945.17.1] §§ 2945.171 "VERDICT IN WRITING"; OHIO REVISED CODE §§ 2945.75(A)(2) "DEGREE OF OFFENSE; CHARGE; AND VERDICT"; CRIM.R. 31(A) "VERDICT RETURN"; AND CRIM.R. 32(C) "SENTENCES" HAS BEEN APPLIED IN A DISCRIMINATORY NATURE AND/OR DISCRIMINATORY MANNER AS TO VIOLATE THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND THE OHIO BILL OF RIGHTS: ARTICLES I, §§ 2 AND 16, OF THE OHIO CONSTITUTION.

THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED ITS DISCRETION.

{¶ 13}   The above assignments of error are addressed together because each is concerned with the validity of the original Verdict Form, entered in 1993.   Harris contends that the Verdict Form fails to state the degrees of the offenses of which he was convicted. He argues that he is therefore entitled to a vacated verdict and re-sentencing by a three-judge panel to the lesser degrees of his original convictions of Murder and Grand Theft.   The doctrine of *res judicata* bars these claims from being raised in the appeal before us.

{¶ 14}   *Res judicata* is a doctrine of judicial preclusion. There are two theories on which it operates, claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel).   *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226, 228 (1995). "Both theories of *res judicata* are used to prevent relitigation of issues already decided by a court, or matters that should have been brought as part of a previous action."   *Chargin Falls v. Geauga Cty. Bd. of Commrs*, 11th Dist. Geauga No. 2003-G-2530, 2004-Ohio-5310,   citing *Lasko v. Gen. Motors Corp,* 11th Dist. Trumbull No.2002-T-0143, 2003-Ohio-4103.   When a final judgment is rendered by a court of competent jurisdiction, claim preclusion "bars all claims that were litigated in a prior action as well as all claims which might have been litigated in that action."   *Deaton v. Burney*, 107 Ohio App.3d 407, 410, 669 N.E.2d 1 (2d Dist. 1995), citing *Grava* at syllabus.   In other words, "the doctrine of *res judicata* requires [a party] to present every ground for relief in the first action, or be forever barred from asserting it."   *Grava* at 229, citing *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.3d 1387 (1986).

{¶ 15}   In the case before us, Harris is precluded from bringing forth claims relating to the Verdict Form.   This court had, and exercised, jurisdiction over Harris' first appeal,

decided in 1994. Therefore, Harris's failure to have raised these claims relating to Verdict Form during his initial appeal precludes him from raising them now, based upon the doctrine of *res judicata*.

{¶ 16} Although not expressly assigned as error, Harris contends that the original Termination Entry in 1993, as well as the nunc pro tunc entry of April 2, 2010, are also invalid, because they do not state the necessary degrees for the Murder conviction or the Grand Theft conviction. For the reasons set forth above, *res judicata* also bars these claims.

{¶ 17} Harris's Second, Third, and Fourth Assignments of Error are overruled.

## IV. A Nunc Pro Tunc Entry Signed By A Single Judge When the Original Trial Was Presided Over By A Three-Judge Panel is Reversible Error.

{¶ 18} Harris's First Assignment of Error is as follows:

THE HONORABLE JUDGE MARY L. WISEMAN, MONTGOMERY COUNTY COMMON PLEAS COURT COMMITTED PLAIN ERROR AND/OR ERROR WHEN THE HONORABLE JUDGE MARY L. WISEMAN SIGNED A NUNC PRO TUNC ORDER ATTEMPTING TO CORRECT A PREVIOUS ORDER FROM A THREE-JUDGE PANEL NOVEMBER 17, 1993 TERMINATION ENTRY THAT'S NOT IN COMPLIANCE [WITH] *McALLISTER v. SMITH*, 119 Ohio St.3d 163, 2008-Ohio-3881, at ¶ 9, citing *GARRETT v. WILSON*, 5th Dist. No. 07-CA-60, 2007-Ohio-4853; *STATE v. SESSLER*, 891 N.E.2d 318; *STATE v. PELFREY*, 860 N.E.2d 735; STATE v. PUSEY, No. 17-90-1 (3rd Dist.); *STATE v. WILLIAMS*, 2007-WL 1174838, OHIO APP. 9TH DIST. 2007; AND *STATE v. BAKER*, 119 Ohio St.3d 197, 2008-Ohio-3330, 983 N.E.2d 163; And OHIO RULES OF CRIMINAL

PROCEDURE 31(a) AND 32(c) UNDER THE CONTROLLING CASE AUTHORITY OF *STATE v. MELTON*, 2010 WL 2857803 (Ohio App. 8th Dist.) 2010-Ohio-3409. THE HONORABLE JUDGE MARY L. WISEMAN DOES NOT HAVE THE JUDICIAL AUTHORITY AND/OR JUDICIAL POWER TO CURE ANY PREVIOUS THREE-JUDGE PANEL COURT ORDER THAT'S [NOT] IN COMPLIANCE WITH CONSTITUTIONAL STANDARDS, AND THE ABOVE CITED AUTHORITIES.

{¶ 19} Essentially, Harris contends that the trial court judge did not have the authority to issue a nunc pro tunc entry correcting the Termination Entry originally issued by a three-judge panel. In our view, this is not a jurisdictional defect, but was at most reversible error on the part of the trial court to have issued the nunc pro tunc entry on the signature of a single judge.

{¶ 20} The Ohio Constitution, Article IV, Section 4(B) provides: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." In the exercise of the General Assembly's prerogative to establish the jurisdiction of the common pleas courts, R.C. 2931.03 provides: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." Thus, a common pleas court has broad jurisdiction over all criminal cases. In exercising that jurisdiction, there are many substantive and procedural errors of law that a common pleas court may commit, and upon appellate review, substantive or procedural errors of law, if sufficiently prejudicial, may afford a basis for reversal of a judgment or order. In our view, a single judge's signature on a nunc pro tunc entry that ought to have been signed by the

members of a three-judge panel is an example of a procedural error of law that may result in reversal on appeal, if a timely appeal is filed. But the jurisdiction of the trial court is not thereby implicated.

{¶ 21} At the time it was issued, April 2, 2010, the nunc pro tunc entry was a final appealable order. Because Harris failed to appeal from that order, he has forfeited a claim based upon the fact that it was signed by only one judge of the common pleas court. As with the other issues he seeks to raise in this appeal, it is barred by *res judicata*, because he could have raised the issue in an appeal from the April 2, 2010 order, but did not.

{¶ 22} Harris's First Assignment of Error is overruled.


## V. Conclusion

{¶ 23} All of Harris's assignments of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Herman Harris, Jr.
Hon. Mary L. Wiseman