[Cite as *Am. Tax Funding, L.L.C. v. Whitlow*, 2012-Ohio-3839.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

AMERICAN TAX FUNDING, LLC :
:
     Plaintiff-Appellee : Appellate Case No. CA 24599
:
v. : Trial Court Case No. 2008-CV-4447
:
CLARA D. WHITLOW : (Civil Appeal from Montgomery County
: Court of Common Pleas)
     Defendant-Appellant :
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2012.

. . . . . . . . . . .

DAVID S. ANTHONY, 55 Public Square, Suite 1800, Cleveland, Ohio 44113
     Plaintiff-Appellee

CLARA D. WHITLOW, 102 Lorenz Avenue, Dayton, Ohio 45417
     Defendant-Appellant, *pro se*

. . . . . . . . . . .

FRENCH, J.

{¶ 1} Defendant-Appellant, Clara D. Whitlow ("Whitlow"), appeals the judgment

of the Montgomery County Court of Common Pleas, which granted an order of forfeiture filed

by Plaintiff-Appellee, American Tax Funding, LLC ("ATF"). For the following reasons, we

affirm.

{¶ 2}	In 2008, ATF filed a complaint for foreclosure. In it, ATF alleged that it was the purchaser and current holder of tax certificates, by which it had acquired the first lien, previously held by the State of Ohio, for the amount of delinquent taxes, assessments, interest, and penalties charged against property owned by Whitlow. Among other relief, ATF asked for a determination of the amounts due on the certificates plus interest, an order of sale directing the sheriff to conduct a sale of the property with certain conditions, and an order directing that proceeds from the sale be applied to satisfy the amounts owed to ATF

{¶ 3}	ATF moved for default judgment against Whitlow for her failure to answer the complaint, and the trial court signed a judgment of foreclosure. The court later vacated that judgment, however, stating that Whitlow had filed an answer under the wrong case number.

{¶ 4}	ATF subsequently moved for summary judgment. ATF contended that it purchased the tax certificates at issue lawfully, and provided documentary evidence to show the purchase, the amounts paid, and the interest and attorney fees owed. On December 16, 2008, the court signed a judgment of foreclosure, which determined the amounts owed to ATF and ordered a sale of the property. That same day, Whitlow filed a letter that asked the trial court to delay its judgment. The letter stated that the tax bills were sent to the wrong address, and Whitlow had asked the county auditor to review her case.

{¶ 5}	In January 2009, Whitlow filed a notice of appeal in this court. On appeal, this court affirmed the trial court's judgment. *See American Tax Funding, LLC v. Whitlow*, 2d Dist. Montgomery No. 23182, 2010-Ohio-3333.

{¶ 6}    In October 2010, ATF asked the clerk of the trial court to issue an order of sale on the property.   Thereafter, the property was offered for sale, but no bids were received, and the property was not sold

{¶ 7}    On March 17, 2011, ATF moved for forfeiture of the property to Secure Advanced Funding Enterprise, 2009-I, LLC ("SAFE 2009"), to which ATF had assigned its interest.   On March 21, 2011, ATF filed a proposed order of forfeiture; the trial court electronically signed and filed the order of forfeiture that same day.   Whitlow filed a notice of appeal to which she attached, among other things, a copy of the trial court's March 21, 2011 order.

{¶ 8}    Whitlow's first six assignments of error are as follows:

[I]  On December 16, 2008, the Trial Court erred, abused its discretion and committed reversible error when it granted Summary Judgment and Order of Forfeiture to [ATF], as there were genuine issues of material fact yet to be litigated.

[II]  On December 16, 2008, the Trial Court erred, abused its discretion and committed reversible error when it granted Summary Judgment to ATF, because ATF lacked legal standing to bring forth foreclosure action for * * * all of the tax years filed in their Complaint of Foreclosure.

[III]  On December 16, 2008, the Trial Court erred when it granted Summary Judgment and Order of Forfeiture to the Appellee and against [Whitlow], because the Appellee was not entitled to Summary Judgment as a matter of law.

[IV]   On December 16, 2008, the Trial Court erred when it granted Summary Judgment and Order of Forfeiture to the Appellee and against [Whitlow], because the Trial Court failed to consider the Answer provided by [Whitlow] dated August 28, 2008 (Answer), before Summary [Judgment] was granted to the Appellee.

[V]   On December 16, 2008, [t]he Trial Court erred when it granted Summary Judgment to the Appellee and against [Whitlow], because the Court denied [Whitlow's] due process because the Appellee never responded to the contents of the Answer, as required by law.

[VI]   On October 22, 2008[,] the Trial Court [e]rred when it filed the Notice (Summary [Judgment]) To file [within] 14 days, because 48 hours prior, the trial Court by [its] own Motion, VACATED and held for naught [its] Final [Judgment] and Decree of Foreclosure and the Appellee did not supply or file any new documentation that would justify the Trial Court to allow the Appellee to move forward with the originally filed complaint of foreclosure after it had been VACATED by the Trial Court.

{¶ 9}     By these six assignments of error, Whitlow contends that the trial court erred when it issued its December 16, 2008 summary judgment and order of foreclosure in favor of Appellee.   The doctrine of res judicata precludes a party from relitigating issues already decided by a court or raising matters that the party should have brought in a prior action. *State v. Harris*, 2d Dist. Montgomery No. 24739, 2012-Ohio-1853, ¶ 14.   Here, Whitlow already appealed the December 16, 2008 judgment and raised multiple errors in that appeal.

This court affirmed the trial court's judgment, and Whitlow may not relitigate those issues now.   Accordingly, we overrule Whitlow's first six assignments of error.

{¶ 10}   In her seventh assignment of error, Whitlow contends the following:

On July 10, 2009[,] the Court erred when it denied [Whitlow] right of authentication of documents submitted with and attached to the Complaint of foreclosure filed on May 28, 2008.

{¶ 11}   In this assignment, Whitlow takes issue with a portion of this court's July 2010 decision in her prior appeal.   Specifically, Whitlow contends that this court erred when it concluded, at footnote 3, that the question of document authentication was not before the court on appeal because Whitlow had not objected below.   We note, again, however, that a party may not relitigate claims that were litigated in a prior action.   *Id*., citing *Deaton v. Burney*, 107 Ohio App.3d 407, 669 N.E.2d 1 (2d Dist.1995).   Accordingly, we overrule Whitlow's seventh assignment of error.

{¶ 12}   In her eighth assignment of error, Whitlow contends the following:

On August 3, 2011[,] [Whitlow] filed a Motion to Stay the Possession Praecipe/Writ of Restitution and the court erred when it denied the Motion 6 days later yet allowed the Appellee to proceed with the Possession Praecipe/Writ of Restitution on August 3, 2011.

{¶ 13}   In this assignment, Whitlow contends that the trial court erred when it denied her August 3, 2011 motion to stay a writ of restitution issued by the trial court.   On July 26, 2011, this court denied a similar motion that Whitlow had filed in this court.   In its decision, this court advised Whitlow of the requirement, contained in App.R. 7(A), that an

"[a]pplication for a stay of the judgment or order of a trial court pending appeal * * * must ordinarily be made in the first instance in the trial court." The online docket of the Montgomery County Court of Common Pleas indicates that Whitlow filed requests for stay in the trial court on July 26, 2011 and August 3, 2011. In orders filed on July 26, 2011 and August 10, 2011, the trial court denied her requests

{¶ 14} Whitlow did not appeal the July 26, 2011 or August 10, 2011 orders. Nor did she move this court for a stay after those dates. In her brief, Whitlow states that Appellee failed to give notice to the tenants living on the property, but she does not direct us to legal or record support for her statement. Whitlow also argues that the trial court should not have delayed its ruling by six days given the urgent nature of the request. We note, however, that the trial court denied Whitlow's first request for a stay on July 26, 2011, the same day Whitlow filed it. And, in any event, it appears that this issue is now moot, as restitution of the property has occurred. For all these reasons, we overrule Whitlow's eighth assignment of error.

{¶ 15} In conclusion, we overrule all eight of Whitlow's assignments of error. We affirm the judgment of the Montgomery County Court of Common Pleas.

. . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

David S. Anthony
David Cliffe

Clara D. Whitlow
Hon. Mary Katherine Huffman