[Cite as *SunTrust Bank v. Wagshul*, 2013-Ohio-3931.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| SUNTRUST BANK | : | Appellate Case No. 25567 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2012-CV-3387 |
| | : | |
| v. | : | (Civil Appeal from |
| | : | Common Pleas Court |
| SHELLEY WAGSHUL | : | |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

<u>OPINION</u>

Rendered on the 13th day of September, 2013.

. . . . . . . . . . .

RANDY SLOVIN, Atty. Reg. #0037536, and BRAD A. COUNCIL, Atty. Reg. #0081342, Slovin & Associates Co., L.P.A., 8150 Corporate Park Drive, Suite 350, Cincinnati, Ohio 45242
      Attorneys for Plaintiff-Appellee

MICHAEL G. WELLER, Atty Reg.# 0037409, 2121 Miamisburg-Centerville, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

· · · · · · · · · · ·

CELEBREZZE, JR., J. (By Assignment):

{¶1} Appellant, Shelley Wagshul, brings this appeal from the trial court's grant of summary judgment in favor of appellee, SunTrust Bank ("STB"), in its suit for breach of an equity line of credit agreement. Wagshul argues that STB can no longer assert such claims due to an earlier South Carolina foreclosure case filed by a related corporation, SunTrust Mortgage, Inc. ("STM"). She argues that STB's claims are barred by res judicata or laches. After a thorough review of the record and law, we affirm the grant of summary judgment in favor of STB.

## I. Factual and Procedural History

{¶2} In January 2005, Wagshul, through her attorney-in-fact, executed a loan and mortgage in the amount of $200,000 to STM, secured by real property located in South Carolina. In March 2005, Wagshul, again through her attorney-in-fact, executed a $50,000 home equity line of credit and second mortgage with STB, secured by the same property. Wagshul became delinquent on both loans and, on July 30, 2009, STM filed a foreclosure action in Beaufort County, South Carolina. STM named as defendants all those with a potential interest in the real estate, including STB. STB never answered in the foreclosure action, and STM was granted a default judgment against STB, forever terminating any interest STB had in the property. STM was also granted foreclosure in November 2009, and the property was sold, but for less than the amount owed to STM. However, as part of the action, STM waived any right to a deficiency judgment against Wagshul.

{¶3} On June 18, 2012, STB filed suit against Wagshul in the Montgomery County Common Pleas Court for breach of the equity line of credit and for unjust enrichment.

Wagshul answered on June 25, 2012, asserting several affirmative defenses, which did not include res judicata.

{¶4} On October 17, 2012, Wagshul moved for summary judgment, arguing that the South Carolina foreclosure action barred STB's suit. Wagshul also argued that STB was barred by laches from pursuing its claims. She attached to her motion her own affidavit and several pleadings and journal entries from the South Carolina action. STB also filed for summary judgment on October 30, 2012, and attached documents and evidence that established that Wagshul was in breach of the equity line of credit agreement and demonstrated the amount owed under that contract. STB also filed an opposition motion to Wagshul's summary judgment motion. Wagshul responded to STB's motion with a motion in opposition and in support of her own summary judgment motion.

{¶5} The trial court ruled on December 16, 2012, that res judicata did not bar suit and that Wagshul had not shown that laches barred suit. The court further found Wagshul to be in breach of the equity agreement and granted summary judgment in STB's favor.

{¶6} Wagshul appeals from this decision, listing two errors in the appellate brief but separately arguing three issues. Because the third issue — whether STB and STM are the same entity for purposes of this suit — is subsumed in the first assignment of error, they will be addressed together.

I. The trial court erred in overruling the Defendant's Motion for Summary Judgment.

II. The trial court erred in granting the Plaintiff's Motion for Summary Judgment.

## II.  Law and Analysis

{¶7} Both of Wagshul's assignments of error take issue with the trial court's ruling on summary judgment.  This court reviews the grant of summary judgment de novo, or without deference to the trial court's determination of the legal issues involved.  Summary judgment, pursuant to Civ.R. 56, is   appropriate when a trial court correctly finds

> (1) that there is no genuine issue as to any material fact; (2) that the moving
>
> party is entitled to judgment as a matter of law; and (3) that reasonable minds
>
> can come to but one conclusion, and that conclusion is adverse to the party
>
> against whom the motion for summary judgment is made, who is entitled to
>
> have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

> A party who moves for summary judgment bears the initial burden of
>
> informing the trial court of the basis of its motion and "identifying those
>
> portions of the record that demonstrate the genuine absence of a genuine issue
>
> of material fact on the essential element(s) of the nonmoving party's claims *
>
> * * [If] the moving party has satisfied its initial burden, the nonmoving party
>
> then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific
>
> facts showing that there is a genuine issue for trial and, if the nonmovant does
>
> not so respond, summary judgment, if appropriate, shall be entered against
>
> the nonmoving party." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293,
>
> 1996-Ohio-107, 662 N.E.2d 264.

*Doriott v. MVHE, Inc.*, 2d Dist. Montgomery No. 20040, 2004-Ohio-867, ¶ 37.

## A. Res Judicata

**{¶8}** Wagshul first argues that the trial court erred in finding that res judicata did not bar STB's suit.

"Res judicata is a doctrine of judicial preclusion. There are two theories on which it operates, claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel)." *State v. Harris*, 2d Dist. Montgomery No. 24739, 2012-Ohio-1853, ¶ 14, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226 (1995). "'Both theories of res judicata are used to prevent relitigation of issues already decided by a court, or matters that should have been brought as part of a previous action.'" *Id.*, quoting *Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 11th Dist. Geauga No. 2003-G-2530, 2004-Ohio-5310, ¶ 28. (Other citation omitted.) "When a final judgment is rendered by a court of competent jurisdiction, claim preclusion 'bars all claims that were litigated in a prior action as well as all claims which might have been litigated in that action.'" *Harris* at ¶ 14, citing *Deaton v. Burney*, 107 Ohio App.3d 407, 410, 669 N.E.2d 1 (2d Dist.1995). (Other citation omitted.) "In other words, 'the doctrine of res judicata requires [a party] to present every ground for relief in the first action, or be forever barred from asserting it.'" *Id.*, citing *Grava* at 229. (Other citation omitted.)

*Cincinnati Ins. Co. v. Jacob*, 2d Dist. Montgomery No. 25407, 2013-Ohio-2573, ¶ 30. Simply stated, "res judicata precludes a party from relitigating issues already decided by a court or raising matters that the party should have brought in a prior action." *Am. Tax Funding, L.L.C. v. Whitlow*, 2d Dist. Montgomery No. 24599, 2012-Ohio-3839, ¶ 9. "Proper application of the doctrine of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim." *Brown v. Vaniman*, 2d Dist. Montgomery No. 17503, 1999 WL 957721 (Aug. 20, 1999), *4.

{¶9} Civ.R. 13 is instructive when determining whether a party was required to assert a claim in a prior action. STB and Wagshul were codefendants in STM's foreclosure action. Therefore, STB could only have asserted a cross-claim against Wagshul. Counterclaims arising out of the same transaction or series of events are compulsory, and the failure to bring such a claim at the appropriate time will bar further litigation. "[W]hile counterclaims are 'compulsory,' such is not the case with respect to a 'cross-claim against co-party' under Civ.R. 13 (G)." *Earley v. Joseph*, 5th Dist. Guernsey No. 03 CA 27, 2004-Ohio-1563, ¶ 11, quoting *Yoder v. Yoder*, 5th Dist. Holmes No. CA-335, 1982 Ohio App. LEXIS 13789 (June 29, 1982).

{¶10} The Ninth District has addressed this issue in the same context as the present case. *Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 2008-Ohio-2959, 894 N.E.2d 65 (9th Dist.). There, homeowners obtained a mortgage and home equity line of credit from Fifth Third Bank. The first mortgage was sold by the bank to a third party, who later filed a

foreclosure action against the homeowners.   Fifth Third Bank was named as a codefendant by virtue of its retained second mortgage interest in the property relating to the home equity line of credit.   Fifth Third Bank did not file an answer or cross-claim in the foreclosure action, and a default judgment was granted against it.   Later, Fifth Third Bank filed suit against the homeowners for money due on the equity line of credit.   The homeowners answered claiming the suit was barred by res judicata.   The trial court rejected the res judicata argument and granted summary judgment in favor of Fifth Third Bank.   On appeal, the Ninth District found that

> [i]n the prior case, Mr. and Mrs. Hopkins and Fifth Third Bank  were not adverse parties; rather they were co-parties.  See *Huntington Natl. Bank v. Ross* (1998), 130 Ohio App. 3d 687, 694, 720 N.E.2d 1000 [(10th Dist.)]. Accordingly, while Fifth Third Bank  could have brought a cross-claim against Andrew and Donielle Hopkins in that case, Civ.R. 13(G) provides that cross-claims are permissive rather than compulsory.  *McCleese v. Bierman* (July 5, 1989), 9th Dist. No. 88CA004455, 1989 Ohio App. LEXIS 2687.  Any related claims of Fifth Third Bank were necessarily permissive cross-claims.  *Ross*, 130 Ohio App.3d at 694.  Therefore, Fifth Third Bank was not required to file a cross-claim against Mr. and Mrs. Hopkins in the earlier foreclosure action * * *.

*Id*. at ¶ 12.

{¶11} *Fifth Third* is precisely on point with the present situation with the exception of Wagshul's argument that STB and STM should be considered the same party.   STB is a

separate corporate entity. The only evidence Wagshul provided that STB and STM are one and the same is a printout from an unidentified website detailing a company profile for a separate entity, SunTrust Banks, Inc. This entity is a separate parent holding company whose company profile indicates it is the parent corporation to STB. However, the company profile does not mention STM. Even if it did, this evidence is insufficient to disregard the fact that the two are separate corporate entities who may share a common parent company. Wagshul argues that the separate corporate forms of these entities should be disregarded. This proposition is unsupported by any law or compelling argument. As the trial court found, "[t]hey are distinct corporate entities, with separate corporate filings, officers and directors, and articles of incorporation. [Wagshul] has failed to provide any evidence or case law, other than the mere fact that one is a subsidiary of the other, that the two corporations should be treated as one in [sic] the same." Wagshul's unsupported arguments that STM and STB should be considered the same entity are insufficient to demonstrate that STB was a plaintiff in the foreclosure action. Therefore, the doctrine of res judicata is no more applicable here than it was in *Hopkins*.

{¶12} It must be noted that STB now asserts that Wagshul waived the affirmative defense of res judicata by failing to include it in her answer to STB's complaint. This argument was not advanced in STB's motion for summary judgment or in its opposition to Wagshul's motion. This court reviews the lower court's decision de novo, but generally it will not entertain arguments not presented to the trial court. "'It is well established that a party cannot raise any new issues or legal theories for the first time on appeal.'" *Pflum v.*

*Waggoner*, 2d Dist. Montgomery No. 24907, 2012-Ohio-3391, ¶ 12, quoting *Dolan v. Dolan*, 11th Dist. Trumbull Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, ¶ 7.

**{¶13}** Regardless, the trial court properly concluded that res judicata did not apply to the present suit.

### B. Laches

**{¶14}** Wagshul also argues that STB's suit is barred by laches.

**{¶15}** Laches is an affirmative defense that bars an action if it was prosecuted with an unexcused prejudicial delay. "'The elements of laches are: (1) an unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury involved, and (4) prejudice to the other party.'" *Atwater v. King*, 2d Dist. Greene No. 02CA45, 2003-Ohio-53, ¶ 19, quoting *State ex rel. Meyers v. Columbus*, 71 Ohio St.3d 603, 646 N.E.2d 173 (1995). Further, the party asserting the defense must demonstrate that the prejudice is material to the claim and "may not be inferred from a mere lapse of time." *Id*., citing *Wright v. Oliver*, 35 Ohio St.3d 10, 517 N.E.2d 883 (1998).

**{¶16}** In the present case, Wagshul has alleged a delay exceeding two years from the conclusion of the foreclosure action in South Carolina to the time STB filed its complaint. However, Wagshul presents nothing to show prejudice. Her affidavit attached to her motion for summary judgment states, "[t]he filing of this suit two years later prejudices me and should be barred by res judicata and laches." Her motion for summary judgment specifically asks the court to assume prejudice: "The court can easily surmise that the delay in bringing suit against Defendant does prejudice her, as all funds from the

foreclosure sale were disbursed over two years ago. This suit * * * would prejudice her financially more so than if the suit was brought against her in a   timely manner." Wagshul offers nothing in support of this bald conclusion. The foreclosure sale did not realize sufficient funds to pay off the first mortgage held by STM. It makes no difference then whether STB's suit was brought immediately after the conclusion of the South Carolina foreclosure action or sometime later. Therefore, the trial court did not err in determining that laches did not bar STB's suit.

### III.   Conclusion

{¶17} STB's suit for money due is not barred by res judicata because the foreclosure action did not preclude a subsequent action by a codefendant in the prior action and STB was not in privity with STM. Wagshul also failed to offer any evidence that she was prejudiced from a two-year delay in the filing of the present suit. Therefore the trial court did not err in granting judgment in favor of STB and denying Wagshul's motion for summary judgment.

Judgment affirmed.

. . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Randy Slovin
Brad A. Council
Michael G. Weller
Hon. Gregory F. Singer